ELLA LOIS BIZE, APPELLANT, V. DAVID BIZE, APPELLEE.

18 N. W. 2d 75

FILED MARCH 16, 1945. No. 31881.

*Chambers, Holland & Locke,* for appellant.

*Max Kier, contra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action instituted by Ella Lois Bize against David Bize for divorce on the ground of cruelty. By the decree plaintiff was granted a divorce, the property of the parties was divided and in that manner the question of alimony was disposed of, plaintiff was awarded custody of the minor children of the parties and defendant was ordered to make payments to plaintiff for the support of the children. The plaintiff has appealed. In her appeal she contends that the alimony allowance or division of property was insufficient and inequitable, that the allowance for child support was insufficient and that the court erred in refusing to allow attorney's fees and costs. The propriety of the divorce itself is not presented by the appeal.

In order to determine the questions presented it becomes necessary to review to some extent the incidents of the married life of the parties and to examine into their property and its acquisition. The parties were married June 30, 1925. The defendant was a schoolteacher and for a number of years taught school at various points in the state of Nebraska. In 1934 or 1935 the parties moved to Lincoln, Nebraska. Up to that time the property and money accumulated was meager. They had some furniture a part of which was sold to provide funds for removal to Lincoln. Also there appears to have been accumulated a thousand dollars as estimated by one of the parties and twelve hundred by the other which was loaned to defendant's father. After coming to Lincoln, for a considerable period of time, the parties resided in very modest surroundings. Their income, to which both contributed, was quite limited. After a time defendant obtained employment at the Lincoln, Nebraska, Post Office. His employment was under civil service and his salary at the time of the trial was approximately

$200 per month. On or about August 28, 1937, these parties, under a memorandum agreement between plaintiff and the Continental Company, Trustee, became the occupants of the premises known as 1845 D street, Lincoln, Nebraska, the legal description of which is Lots 1, 2, 3 and 4, Block 7, Capitol Addition to Lincoln,- Lancaster county, Nebraska. Under the agreement they were not required to pay any rental but were required to make improvements thereon. They improved the property and installed furniture. Thereafter, except for the portion occupied by the parties as their residence, the premises were used for rental purposes. The venture was profitable. The parties lived there continuously until after the commencement of this action. Thereafter the defendant moved away. The amount of money expended in the improvement and in the acquisition of furniture and other equipment is not disclosed by the record. There can be no doubt that both parties contributed much work to the improvement. The management of the enterprise appears for the most part to have been in the hands of plaintiff. From March 1, 1939, to August 31, 1940, the parties occupied these premises under a lease whereby they were required to pay a rental of $25 per month from September 1, 1939. After the expiration of this lease no rent was paid.

On January 11, 1944, James P. Kennedy, father of plaintiff, purchased this property under contract from the Continental Company, Trustee, subject to an action of the County of Lancaster, Nebraska, for foreclosure of an accumulation of taxes. The purchase price was $2,000. The further conditions of the contract and terms of payment need not be set out here. The contract was performed by Kennedy, and Kennedy also became the purchaser at the tax foreclosure sale. The bid at the tax sale was $6,010. At the time of the trial neither of the parties hereto had any record interest in this real estate. Defendant however contends substantially that the interest acquired by Kennedy was for plaintiff and that whatever money he advanced was obtained from plaintiff and that such money belonged to

plaintiff and defendant. The personal property on the premises all belonged to plaintiff and defendant.

On or about April 22, 1940, the parties hereto purchased under contract the real estate referred to in the record as 1604 Prospect street, Lincoln, Nebraska, for $4,300, subject to a mortgage in the amount of $3,400. The building was improved, divided into apartments, equipped and furnished and used for rental purposes. At the time of trial the indebtedness had been reduced to about $700. The cost of improving this property is not definitely ascertainable from the evidence but it appears to have been around $1,500. There is an equal lack of certainty as to the value of furniture and equipment but it appears to be somewhere near $1,000.

On January 28, 1941, the parties acquired by contract of purchase the real estate referred to as 1830 E street, Lincoln, Nebraska, for $5,500. At the time of trial it was encumbered for $2,300. The building was divided into apartments and used for rental purposes. As near as it is ascertainable from the record the value of the furniture and equipment of this property was $2,500.

The parties owned a cabin near Milford, Nebraska, the value of which appears to be about $200.

The parties also had two automobiles, one a Packard worth from $1,000 to $1,200 and a Ford of about the same value. The defendant had life insurance, the paid up value of which was about $1,800. At the time this action was commenced the parties had certain stocks and some turkeys. Defendant sold these for about $700. He retained the proceeds of the sales. Defendant contends that there was personal property at 1845 D street of a value in excess of $5,000.

The trial court found the following: At 1845 D street, real estate $14,000, furniture $2,465, chicken raising equipment $300, with an encumbrance of $5,000 against the real estate; at 1830 E street, real estate $7,800, encumbrance $2,300, furniture $2,500, or a net value in real estate and personal property of $8,000; at 1604 Prospect street, real

estate $5,000, encumbrance $600, furniture $1,000, or a net value in real estate and personal property of $5,400; that plaintiff had on hands a balance from property management of $871.64 and defendant a balance of $750.10. Findings were also made with reference to the two automobiles, the Milford cabin, the details of which are not necessary here.

On the basis of the evidence as reflected by the findings the court awarded the custody of the two minor children of the parties to the plaintiff with provision that defendant pay $50 per month for their support until the older, who was 17 years of age, should arrive at the age of 21 or until the further order of the court, and thereafter $25 per month for the younger, who was 11, until he should attain the age of 21 years or until the further order of the court; that plaintiff should receive the real estate at 1845 D street, the personal property thereon, the cabin, the Ford automobile and $935 in cash which by adjustment of accounts would require defendant to pay the plaintiff $499.18. By the decree all other property was awarded to the defendant.

The parties agree that because of the manner in which the estate was accumulated there should be substantially an equal distribution with a reasonable allowance to plaintiff from defendant for the support of the minor children. The defendant insists that this objective has been accomplished by the decree. On the other hand plaintiff insists that the decree is grossly disadvantageous to her.

In the light of the condition of the record it may be said here that anything approaching exactitude of determination of value for the purposes of division of the properties is out of the question. There was no effort whatever made by either party to furnish the court with any satisfactory criteria for the determination of the value of either the real estate involved or the personal property. For ascertainment of values dependence must be had for the most part on conclusions scattered through the record.

It is true that the record discloses that the trial judge made an inspection of the properties and the decree indicates that based thereon he made a finding of values. These

findings, however, have no value since they are without evidence to support them. Findings of facts based on an inspection of premises by a trial judge are entitled to no weight and may not be considered unless the record contains competent evidence to support the findings. *Carter v. Parsons,* 136 Neb. 515, 286 N. W. 696; *Columbian Steel Tank Co. v. Vosika,* decided February 2, 1945, *ante,* p. 541, 17 N. W. 2d 488.

The only method apparent for an arrival at values upon which to base a division and award is that adopted by plaintiff, that is to accept in general the values contended for by defendant as to all properties except the real estate at 1845 D street which, basing these values in considerable degree on original cost, appear fairly reasonable. As to 1845 D street it appears necessary to draw what we consider proper conclusions from the testimony of the witnesses with regard to the acquisition thereof and the present ownership.

Following this scheme the required finding is that the real estate and personal property at 1830 E street was of the net value of $7,606.08; that 1604 Prospect street was of the net value of $5,289.88; the value of the cabin near Milford was $200; the Packard automobile was of the value of $1,200; the Ford automobile was of the value of $1,200; the cash value of life insurance was $1,800; stocks sold were of the value of $350; turkeys sold were of the value of $350; the value of the furniture at 1845 D street was $2,465; at the time of the trial plaintiff had net from the operation of 1845 D street and 1604 Prospect street, $871.64; the defendant had net from the operation of 1830 E street, $750.10.

As to the real estate at 1845 D street such interest as was taken was taken for the benefit of plaintiff by her father and in his name. The investment therein was approximately $3,410, as follows: $2,000 to the Continental Company, Trustee, $1,010 to the sheriff as part payment of the bid at the tax foreclosure and something near $400 for current taxes. The only evidence in the record as to whose money was employed for this purpose was that of plaintiff's father,

and he said that it was his own. His testimony was none too satisfactory but it stands without refutation. Defendant suggests that the money was supplied by plaintiff but there is no evidence to support the suggestion. There is nothing therefore from which a proper inference could be drawn that these payments were made by plaintiff, hence this may not be regarded as an asset of the parties. The balance of the purchase price, or $5,000, was raised by a loan secured by a mortgage on the real estate for that amount, with a chattel mortgage on the personal property thereon given by plaintiff as additional security for the loan. There is no evidence whereupon a value could be attributed to this property in excess of its cost. As already pointed out there is no evidence to indicate that plaintiff has contributed anything to the cost. Hence this real estate may not be considered as of value in the division of the property of the parties. A fair analysis of the evidence would indicate that the value of the personal property at 1845 D street is in excess of that claimed by plaintiff by from one thousand to two thousand dollars.

With these values in mind it would appear reasonably fair and equitable that the following division of the property should be made: The plaintiff should have in lieu of alimony all of the personal property situated at 1845 D street together with any interest the parties have, if any, in or to the real estate at that location, the real estate and personal property at 1604 Prospect street, the cabin at Milford, the Ford automobile, and the income which she has received from 1845 D street and 1604 Prospect street; that the defendant should have the real estate and personal property at 1830 E street, the Packard automobile, the life insurance, the money received for stocks and turkeys and the income he has received from 1830 E street. It further appears that the portion of the decree pertaining to support for the minor children should remain as fixed in the decree.

The decree of the district court is therefore reversed and the cause remanded with directions to enter a decree in conformity herewith. An attorney's fee in the amount of $200

shall be taxed against the defendant for plaintiff's attorneys for services in this court.

REVERSED, WITH DIRECTIONS.