CLARENCE G. BLISS, RECEIVER, APPELLANT, V. H. C. BACK-
EMEYER ET AL., APPELLEES.

FILED FEBRUARY 10, 1932. No. 28083.

*George E. Hager,* for appellant.

*Burkett, Wilson, Brown, Wilson & Van Kirk* and *W. A. Robertson, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

THOMSEN, District Judge.

This is an action upon a promissory note for $4,692.78 upon which the plaintiff alleges some payments and asks for a judgment for the remainder of $3,450. The note was executed by the appellees.

Two appellees, H. C. Backemeyer and T. V. McCartney, filed separate answers. The other appellee, H. S. Westbrook, did not appear and a default was entered against him. The answers of appellees Backemeyer and McCartney are substantially the same. In substance, they claim that the note in suit was a renewal of several predecessors, and that the original note was given for money borrowed of the Ashland State Bank by the Ashland-Wyoming Oil Company, a corporation, of which the appellees were directors; that the original note and the subsequent renewals were all executed by the appellees as directors of the corporation, and not for the purpose of binding themselves personally; that of this oil company, Walton, the cashier of the bank, was a stockholder, and that Walton represented to them that they were executing the several notes

in a proper manner to bind the corporation, and that they were not personally liable thereon; that later a controversy arose between Walton, the cashier, and appellees as to the liability on the note, and the controversy was settled by defendant McCartney paying $1,900 and defendants Backemeyer and Westbrook each paying $49, which sums were accepted in full settlement.

The reply admits that appellees were directors of the Ashland-Wyoming Oil Company, admits the payments made, and admits that Walton was at one time cashier of the Ashland State Bank, but denies all the other allegations.

In the course of the trial all evidence as to the relationship of appellees to the Ashland-Wyoming Oil Company, the capacity in which they claimed to have signed various notes, and that they were not to be personally bound, was excluded, and the court submitted the case to the jury on the issue as to whether or not there was a *bona fide* dispute as to liability, apparently as to other matters than the before-mentioned claims. The jury returned a verdict for the defendants.

Accepting the view most favorable to the appellees, the testimony shows that the exact amount due on the note was difficult of ascertainment, but the exact amount was not the source of any dispute upon which a settlement was based. It seems to be settled law that the payment of an amount less than that for which the debtor is liable does not constitute an accord and satisfaction unless a *bona fide* dispute or controversy as to the debtor's liability or as to the amount due from him arises. *Treat v. Price,* 47 Neb. 875; 3 Williston, Contracts, secs. 1851, *et seq.* We have searched the record in vain for testimony indicating a dispute which gave rise to the settlement. It seems clear that the appellees wanted to settle the note for less than the total amount due, and into whatever relationship they may have entered on behalf of the oil company the outcome may have merited an honest desire to escape liability. But the present testimony fails to show

any lawful means of escape. No useful purpose would be served in relating the evidence in detail. It would require a review of the whole record in this opinion, since the evidence fails to show that a dispute over the amount gave rise to a settlement, nor is the admitted evidence sufficient to raise a doubt of liability. The most that can be said is that, in proving the amount due, the plaintiff had difficulty in determining the exact amount, but no settlement was based upon any discussion as to a difference between the parties in the amount claimed by the plaintiff.

We were strongly tempted to enter upon a discussion of the admissibility in evidence of testimony tending to show the excluded facts alleged in the answer, upon which it is claimed the actual dispute arose and upon which the claimed settlement was made, the proposition resolving itself into whether such evidence, varying the terms of a written instrument, is admissible for the purpose of showing an accord and satisfaction in which the parties themselves recognize the possible invalidity of the note, and in which the facts, generally excluded from evidence to avoid a controversy over matters held in law self-evident, form the basis of a contract of settlement separate and distinct from the contract giving rise to the cause of action; but this question is not discussed in the briefs, nor in the nature of things is it before us on this appeal, and we therefore decline to pass on it. A new trial may result in having this issue adequately and thoroughly presented. Counsel so able as these will see that the proposition is exhaustively briefed.

In view of the fact that the evidence does not support the verdict, the judgment is reversed and the cause remanded.

REVERSED.