JAY C. MILLER, APPELLANT, v. EDNA MILLER, APPELLEE.
46 N. W. 2d 618

Filed March 2, 1951.   No. 32921.

*Kirkpatrick & Dougherty,* for appellant.

*Littrell & Patz,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The issues in this case arise out of a divorce action wherein Edna Miller, defendant and cross-petitioner, was granted an absolute divorce, the custody of the minor child of the parties, and an award for child support, and involve defendant's right to collect an unpaid amount claimed due for child support. To better comprehend the issues, we summarize the pleadings as they appear material to a determination of this appeal.

The plaintiff, Jay C. Miller, brought suit for divorce in the district court for York County on July 28, 1932, against the defendant Edna Miller. The defendant filed

an answer and cross-petition praying for a divorce, custody of the minor child, alimony, child support, and costs of the action. On May 13, 1933, the court entered a decree granting the defendant, cross-petitioner, an absolute divorce, and custody of the minor child of the parties. It further decreed that the plaintiff pay into the court for the use and benefit of the defendant and for the support of their minor child on the first day of June 1933, and on the first day of each month thereafter, the sum of $50 until the further order of the court; awarded the defendant $150 alimony in addition to real estate which had been deeded to her; and allowed attorney's fees to be taxed as costs, and costs of the action.

On May 15, 1939, the defendant Edna Miller filed an application in the district court in the same proceeding, setting forth the proceedings in the divorce action and more specifically the decree with reference to child support rendered on May 13, 1933. Defendant further alleged that the plaintiff paid $35 for the month of February 1939, and there remained due and unpaid for that month $15; that defendant wholly failed to pay the sums due on March 1, April 1, and May 1, 1939, leaving the amount due for such months, as provided for by the decree, of $165; that the decree had never been vacated or set aside, and was in full force and effect; and prayed that the plaintiff be cited for contempt in failing to abide by the decree, and that a date be fixed for hearing.

On May 15, 1939, the court entered an order fixing the date May 20, 1939, for hearing on the defendant's application to show cause why plaintiff should not abide by the court's decree.

On May 19, 1939, the plaintiff filed answer and application for modification of the decree, wherein he admitted the decree of May 13, 1933, had not been vacated, was in full force and effect, and that there was due the defendant the sum of $59. He further alleged that more

than six years had elapsed since the entry of the decree in the divorce action; that since that time there had been a change in the circumstances of the parties, and the plaintiff was no longer able to pay $50 a month for the support of the minor child for the reason of a business depression, continued drouth, and crop failure which affected his income as a practitioner of medicine; in addition, he was the head of a family and had a wife and minor child two years of age dependent upon him; and asked that the court find that $20 a month, on account of the conditions as pleaded, be decreed instead of the amount of $50 a month as provided for in the original decree.

On May 25, 1939, the defendant filed reply to the answer and application of the plaintiff for the modification of the decree, setting forth in addition to what has been stated with reference to the pleadings, her condition of health, the requirements of the minor daughter of the parties as a high school student and increased expenditures in her behalf; and prayed that the amount to be paid by the plaintiff be $75 a month.

On June 2, 1939, the court entered an order that hearing on the applications to modify decree be set for June 8, 1939, at 9 a. m., and that the plaintiff pay to the clerk of the court for support money awarded for the daughter the sum of $50 on or before June 6, 1939, or said application to modify would be denied.

On June 8, 1939, it appears from an order of the court that by stipulation of the parties plaintiff was not to make payment of $50 due on June 1, 1939, and to pay on installments due July 1 and August 1, 1939, the sum of $30 for each of said months; plaintiff to pay costs to date, and hearing to be continued to September 1, 1939, at 9 a. m.

On March 9, 1949, notice of hearing was filed by the defendant in the district court accompanied by an affidavit of service. The notice, so far as necessary to relate, is as follows: "You are hereby notified that

your application for modification of the divorce decree in the above entitled case will be called for hearing on the 21st day of April, 1949, at the hour of 2:00 P. M. before one of the judges of said court or as soon thereafter as the same can be heard. * * * Upon this hearing the court will be requested to determine the amount due from you under this decree and to enter a supplemental order therefor. Dated this 26th day of February, 1949. Edna Miller * * *." The notice was signed by her attorneys.

The plaintiff, on February 28, 1949, was served personally with a copy of the notice in El Paso County, Texas. Affidavit and return of service were made thereon under date of March 1, 1949, and signed by an officer authorized by law to serve process in El Paso County, Texas.

On April 19, 1949, the plaintiff filed a special appearance for the purpose of objecting to the jurisdiction of the court over his person. In all pleadings thereafter filed by the plaintiff he reserved his special appearance objecting to the jurisdiction of the court over his person and property, so in a resumé of the pleadings we consider the matter as pleaded.

To avoid confusion in the following summary of the pleadings we refer to the parties as originally designated in the district court.

On April 25, 1949, plaintiff filed objections to any further recovery on behalf of the defendant for the reason that the decrees and orders of the court with respect to the proceedings had become final and had in all things been fully performed by the plaintiff; that the order of June 8, 1939, modified the decree and reduced the payments for the support of the minor daughter of the parties to $30 a month, which order was entered upon the stipulation of parties, was never thereafter modified or changed, but the stipulation and order were permitted by tacit consent of all the parties to remain unchanged; the matter was never called up in

court for further hearing by the defendant, plaintiff continued to pay the sum of $30 a month to the clerk of the district court for the support of the minor child during all her minority, and defendant acquiesced therein and received payment from the clerk of the district court since the date of the order in the total sum of $1,590; that by reason of the premises, the defendant was estopped to claim and demand any further sums from the plaintiff, and was barred from further recovery by the statute of limitations and laches; that plaintiff had paid all allowances, fees, and costs decreed to be paid by him in full in the sum total of $5,611, and conveyed to the defendant his real estate as appears by the record in the case; and prayed for relief in accordance with the defenses pleaded.

On May 20, 1949, the defendant filed answer to the plaintiff's objections to further hearing, denying generally the allegations therein contained, and denied that she ever made or entered into any stipulation or agreement with the plaintiff for a modification of the divorce decree except that shown by the memorandum of June 8, 1939. She further denied she ever accepted or received any one or more of the $30 a month payments made by the plaintiff to the clerk of the district court in full satisfaction or payment of the child support judgment in the amount of $50 a month. Defendant set forth the amounts claimed to be due, and prayed for an order determining the amount which had become due the defendant and the amount of credits to which the plaintiff was entitled, and for attorney's fees and court costs.

On May 20, 1949, there appears a journal entry in the district court to the following effect: "Positions of parties stated and argued relative to application on file. * * * Defendant submits evidence as to time daughter of parties arrived at age of 21 years." The time the daughter became 21 years of age was November 8, 1943.

It appears from a part of the journal entry of May 20, 1949, that an execution was issued and plaintiff's Ford

automobile was levied on. The car was ordered to be delivered back to the plaintiff upon his posting a bond in the amount of $2,000, which was done.

On June 24, 1949, the following appears from a journal entry: "* * * it having been stated in open court by both parties through their attorneys that no modification of the divorce decree is asked in so far as it may apply from this date forward, and the court being without power to amend the decree to effect (affect) any payments which may have accrued prior to this date, both applications for modification of the decree are hereby denied. * * * no payments shall accrue from this date forward."

There are numerous pleadings with reference to the issuance of the execution and the levy made pursuant thereto on the Ford automobile. It would unnecessarily lengthen this opinion to summarize these pleadings, the proceedings had by the court with respect thereto, and the dates thereof. The facts stipulated show that the plaintiff was domiciled and a resident of El Paso County, Texas, and had been since 1947; that he was the owner of the Ford automobile levied upon; that it was registered and licensed in the State of Texas; and that he drove it from El Paso, Texas, to York, Nebraska, for the sole purpose of having a means of transportation to enable him to attend the hearing of May 20, 1949, which facts are sufficient to determine the validity of the levy made upon the automobile, and will be analyzed subsequently in the opinion.

On June 23, 1950, the court entered judgment decreeing it had jurisdiction of the person of the plaintiff and the subject matter of the action, and finding generally in favor of the defendant and cross-petitioner and against the plaintiff. This judgment provided that the original child support judgment continued in full force and effect during the minority of the child and the installments of $50 a month thereunder accrued from July 1, 1939, to November 8, 1943, when the child reached

her majority; that no installments for child support could or did accrue after that date; that plaintiff was entitled to credit for any and all payments made by him on the child support judgment after July 1, 1939; and that the defendant was entitled to interest at the legal rate upon the unpaid balance of each installment from the time it became due until it was paid. The court found the issuance of the execution and the levy made upon the plaintiff's automobile to be valid, and further decreed that the plaintiff pay into the office of the clerk of the district court $350 as attorney's fees taxed as costs for the defendant.

Upon the overruling of the plaintiff's motion for new trial, plaintiff appeals.

The plaintiff's assignments of error pertinent to a determination of this appeal will be taken up in the following manner.

The plaintiff's contention that the district court was without jurisdiction over the person of the plaintiff on the theory that the proceedings herein were commenced without pleadings or process had upon the plaintiff cannot be sustained for the following reasons.

An application to modify the terms of a decree of divorce is not an independent proceeding. It is not the commencement of an action. It is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are by the very terms of the statute subject to modification. See, Wilde v. Wilde, 36 Iowa 319; Droste v. Droste, 231 Iowa 216, 1 N. W. 2d 107.

Section 42-312, R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

The decree of the trial court in a divorce action inso-

far as minor children are concerned is never final in the sense that it cannot be changed but is subject to review at any time in the light of changing conditions. See, Carlson v. Carlson, 135 Neb. 569, 283 N. W. 214; Koser v. Koser, 148 Neb. 277, 27 N. W. 2d 162; Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51; Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6; Saum v. Saum, 144 Neb. 842, 14 N. W. 2d 844.

"Ordinarily, the jurisdiction of a court over both subject matter and parties, once fully attached in a cause, continues until all issues, both of fact and of law, have been finally determined, in other words, until complete relief is afforded within the general scope of the subject matter of the action." 14 Am. Jur., Courts, § 170, p. 370. See, also, Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613; 21 C. J. S., Courts, § 93, p. 143; Bolich v. Robinson, 106 Neb. 449, 184 N. W. 218.

With reference to whether or not the notice served upon the plaintiff was sufficient within the concept of the due process of law clause, we believe the following authorities apply.

First, it will be noted that section 42-312, R. S. 1943, does not provide the nature or kind of notice required.

Due process of law, within the meaning of the constitutional provisions, is not intended to control the power of the state to determine by what process or on what manner of service rights may be asserted or determined, provided such procedure will afford reasonable notice and a fair opportunity to be heard before the courts, at some stage of the proceedings, prior to final determination. See, Leininger v. North American Nat. Life Ins. Co., 115 Neb. 801, 215 N. W. 167; Hacker v. Howe, 72 Neb. 385, 101 N. W. 255; Chicago, B. & Q. R. R. Co. v. State ex rel. City of Omaha, 47 Neb. 549, 66 N. W. 624, 53 Am. S. R. 557, 41 L. R. A. 481; Pearson v. Yewdall, 95 U. S. 294, 24 L. Ed. 436; Ballard v. Hunter, 204 U. S. 241, 51 L. Ed. 461, 27 S. Ct. 261; Campbell v. State, 171 Ind. 702, 87 N. E. 212.

Wherever actual notice is impracticable and the court has jurisdiction, the requirement of due process is satisfied by substituted or constructive notice, as, for example, notice given by publication, or by mail, or by leaving a copy with a competent person at defendant's domicile, or posting the same in designated places. See 16 C. J. S., Constitutional Law, § 619, p. 1256.

In a proceeding to modify a divorce decree under statutory provision authorizing subsequent changes in the divorce decree, "due process of law" requires only that the method of service be reasonably calculated to give the person served knowledge of the proceedings and opportunity to be heard. See Droste v. Droste, *supra*.

It is apparent under the cited authorities that the notice served on the plaintiff in the instant case met the requirements of due process of law.

The plaintiff contends the statute of limitations is a defense to the case at bar; and that the statute of limitations began to run against the judgment in the instant case when the child became of age, November 8, 1943. We deem the following authorities applicable.

A decree for alimony or child support in a divorce action is not a judgment within the meaning of sections 25-1420 and 25-1515, R. R. S. 1943. See In re Application of Miller, 139 Neb. 242, 297 N. W. 91. That case involved a decree for child support, but the conclusion therein that the statute of limitations could not be interposed as a defense was premised on like holdings in Lemert v. Lemert, 72 Ohio St. 364, 74 N. E. 194, 106 Am. S. R. 621, and Peeke v. Fitzpatrick, 74 Ohio St. 396, 78 N. E. 519, each of which involved a judgment for alimony under similar statutes. We conclude that the statute of limitations would not run in the present proceeding. See Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232.

In the instant case the defendant is attempting to collect child support under the original decree. The

plaintiff sought modification of the decree by appropriate pleadings. He proceeded no further. No adjudication was had on the child support issue until the order entered by the court under date of June 23, 1950. The question of whether the statute of limitations runs upon a child support judgment after the child reaches its majority is not here involved.

In the light of the authorities heretofore cited in the opinion, we conclude the statute of limitations did not run in the present proceedings.

The plaintiff contends the defense of laches should prevail in the instant case. This contention is based upon holdings such as McKee v. McKee, 154 Kan. 340, 118 P. 2d 544, 137 A. L. R. 880. In Kansas the general statute of limitations applies and begins to run against each installment of child support as any other judgment. In addition, in that case the plaintiff had accepted $50 a month for 19 years without any attempt on her part during such period of time to apply to the court for adjustment. Her acquiescence in accepting such amount until after the daughter had arrived at her majority constituted laches on her part, and by her acts she was estopped.

The plaintiff asserts that in the instant case he paid $30 a month which was accepted by the defendant, and by accepting such payments until the child became 21 years of age she acquiesced and treated this sum for child support as final, therefore she is guilty of laches and is estopped from any further recovery.

The defendant cited the plaintiff to show cause why he should not pay certain balances due for child support. The plaintiff, in response to the citation, filed an application to modify the decree with reference to child support, seeking affirmative relief against the defendant. Thereafter he left the state and entered the military service as a commissioned officer, and while he was in the service the defendant endeavored to collect the installments due for child support in 1946 by a letter. The

plaintiff investigated this matter and concluded that no liability could attach to him. As a consequence his application to modify the decree was never called up for hearing by him, and it is apparent that his rank in the Medical Corps of the Army paid him a substantial amount which changed his financial condition from what he claimed in his application to modify the child support. There is no evidence to disclose that the defendant accepted the amounts paid by the plaintiff in full payment and satisfaction of the decree. There was no accord and satisfaction on her part. See, Bliss v. Backemeyer, 122 Neb. 537, 240 N. W. 556; Treat v. Price, 47 Neb. 875, 66 N. W. 834; McIntosh v. Johnson, 51 Neb. 33, 70 N. W. 522; Wilson v. Wilson, 186 Ark. 415, 53 S. W. 2d 990.

In applying the doctrine of laches the true inquiry should be whether the adverse party has been prejudiced by the delay. See, Hawley v. Von Lanken, 75 Neb. 597, 106 N. W. 456, reaffirmed in Hawley v. Pound, 76 Neb. 130, 106 N. W. 458, and Hawley v. Barry, 76 Neb. 131, 106 N. W. 459.

Laches does not, like limitation, grow out of the mere passage of time; but it is founded upon the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relation of the parties. See, Geiss v. Trinity Lutheran Church Congregation, 119 Neb. 745, 230 N. W. 658; Galliher v. Cadwell, 145 U. S. 368, 36 L. Ed. 738, 12 S. Ct. 873.

The defense of laches prevails only when it has become inequitable to enforce the claimant's right, and is not available to one who has caused or contributed to the cause of delay or to one who has had it within his power to terminate the action. See Richards v. Hatfield, 40 Neb. 879, 59 N. W. 777.

Where the obligation is clear, and its essential character has not been affected by the lapse of time, equity will enforce a claim of long standing as readily as one of recent origin; certainly, as between the immedi-

ate parties to the transaction. See Schurman v. Pegau, 136 Neb. 628, 286 N. W. 921.

We conclude the defense of laches should not prevail in this case.

The plaintiff contends that the defendant is not entitled to recover arrearages in child support from him without pleading and proving what she was required to expend and did expend for that purpose. In addition to the pleadings of the defendant this contention is also based on the language appearing in the divorce decree as follows: "that the plaintiff herein should pay into Court for the use and benefit of the defendant and for the support of their minor child * * *."

It is apparent that the only proper and sensible construction to be given the order is that the money required of the plaintiff was to be paid to the clerk of the court for the purpose of being turned over by the clerk to the custodian of the child. See State ex rel. Casey v. Casey, 175 Or. 328, 153 P. 2d 700, 172 A. L. R. 862. In the cited case the court said, however, the plaintiff was not seeking to recover judgment against the defendant for money expended by her for the support of the children, but to compel him to obey the order of the court. That is the situation as it appears in the instant case. It is obvious that the amount of $50 a month as appears in the divorce decree was intended as child support money, and so recognized by the parties as the pleadings and the proceedings in the instant case reflect.

Courts of general jurisdiction have the inherent power to do all things necessary for the proper administration of justice and equity within the scope of their jurisdiction. See, Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340; Lippincott v. Lippincott, *supra*.

We turn to the question as to whether or not the plaintiff was immune from process while in attendance at the hearing in this case held May 20, 1949. This proposition has to do with the issuance of execution

and the levy made on the plaintiff's automobile. We have previously set forth the relevant undisputed facts on this phase of the case.

In the first instance the plaintiff instituted the action for divorce. Thereafter he was cited by the defendant to show cause why he should not make back payments for child support in accordance with the decree. To this citation he filed an application to modify the decree. It will be observed that the proceedings affecting the issue here involved grew out of the original divorce action and decree entered therein. The plaintiff was in court by his voluntary act, and this proceeding is to determine his liability, if any, under the pleadings as presented for child support.

The question whether process may be served on a nonresident party may be determined by the nature of the proceeding in which process was issued and its relation to the suit which the party or witness had been attending. See Lamb v. Schmitt, 285 U. S. 222, 76 L. Ed. 720, 52 S. Ct. 317.

The rule that suitors from a foreign jurisdiction are exempt from service of civil process while attending court and for such reasonable time before and after as may enable them to come from and return to their homes does not extend to process in an action or proceeding involving or connected with the subject matter of the litigation during attendance upon which the nonresident suitor is served. Sanders v. Smith, 197 Miss. 304, 20 So. 2d 663; Arnett v. Smith, Inc., 165 Miss. 53, 145 So. 638; Brooks v. State ex rel. Richards, 26 Del. 1, 79 A. 790, 51 L. R. A. N. S. 1126, Ann. Cas. 1915A 1133; Lamb v. Schmitt, *supra;* Long v. Ansell, 293 U. S. 76, 79 L. Ed. 208, 55 S. Ct. 21; Page Co. v. MacDonald, 261 U. S. 446, 67 L. Ed. 737, 43 S. Ct. 416; Rizo v. Burruel, 23 Ariz. 137, 202 P. 234, 19 A. L. R. 823; Sofge v. Lowe, 131 Tenn. 626, 176 S. W. 106, L. R. A. 1916A 734; Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192; Tiedemann v. Tiedemann, 35 Nev. 259, 129 P. 313; VonKesler v.

Superior Court, 109 Cal. App. 89, 292 P. 544; 42 Am. Jur., Process, § 150, p. 130; Annotation, 19 A. L. R. 828.

Section 42-319, R. S. 1943, provides: "All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by executions and proceedings in aid thereof, or other action or process as other judgments."

Section 42-323, R. S. 1943, provides for sale by execution of real or personal estate to pay alimony allowances.

Section 25-1503, R. R. S. 1943, provides: "Lands, tenements, goods and chattels, not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution and sold as hereinafter provided."

We conclude that the plaintiff was not immune from the service of process as contended for by him.

The plaintiff contends that the allowance for attorney's fees made by the trial court for the benefit of the defendant to be taxed as costs is erroneous on the ground that this case is not a continuation of the original divorce action between the parties.

This proceeding, as before stated, is a continuation of the divorce suit and one of its incidents. We believe the court had authority under section 42-312, R. S. 1943, to allow attorney's fees until the subject matter of the divorce is finally settled and determined. See, Lippincott v. Lippincott, supra; Cizek v. Cizek, 76 Neb. 797, 107 N. W. 1012; Chambers v. Chambers, 75 Neb. 850, 106 N. W. 993.

The defendant cross-appeals contending the court erred in not requiring computation of the amount due from the plaintiff to include the total of all orders for the payment of money and credit for payments made by the plaintiff on said orders.

As we view the record, the court's judgment entered June 23, 1950, with reference to the payments to be made by the plaintiff and credits to be allowed him,

and the manner in which the interest was to be computed was correct. The cross-appeal is without merit.

Other assignments of error need not be discussed.

The judgment herein is for child support. The district court has jurisdiction to render such orders necessary to fully carry out its decree of June 23, 1950, including exact computation of the amount due. Defendant's attorneys are allowed the sum of $250 for services rendered in this court, to be taxed as part of the costs.

AFFIRMED.