ELLA LOIS BIZE, APPELLEE, v. DAVID BIZE, APPELLANT.

48 N. W. 2d 649

Filed June 29, 1951. No. 32961.

*Max Kier* and *Charles Bocken,* for appellant.

*Towle, Young & Mattson,* and *Roy A. Sheaff,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from an order of the district court for Lancaster County which continued the custody of the parties' minor son, Dale Bize, with the mother, but which increased the amount the father is to pay for the child's support and fixed the terms upon which such custody is conditioned.

Chronologically the sequence of events in this case is as follows: Originally Ella Lois Bize, who is now Ella Lois Bize Pegram, having married B. J. Pegram on May 13, 1949, brought this action for divorce in the district court for Lancaster County; on July 5, 1944, she was granted an absolute divorce from her husband, the defendant David Bize; this decree found that both parties were fit and proper persons to be entrusted with the custody of their minor children but awarded their custody to the plaintiff, the mother; the children are David Bize, a son, who was then 17 years of age and Dale Bize, a son, who was then 11 years of age; to help support these children the father was directed to pay the sum of $50 a month; and the custody awarded the plaintiff was conditioned that she should not remove either of the children from the State of Nebraska unless authorized to do so by the court or consented to by the father.

Appeal was taken to this court from the decree of July 5, 1944. Insofar as the decree appealed from related to awarding the custody of these minor children to the mother and the allowance made for their support, it was affirmed. See Bize v. Bize, 145 Neb. 722, 18 N. W. 2d 75.

The son David Bize entered the military service of his country on March 18, 1945. Subsequent thereto, on October 15, 1945, the district court ordered the father to pay $40 a month, effective as of October 5, 1945, for the support of the minor son Dale.

On January 9, 1947, plaintiff filed her petition in this action asking for an increase in the amount allowed for child support. This application was based on the fact that David had returned from the military service on September 28, 1946, and also because of an increase in the cost of living. To this petition the defendant filed an answer and cross-petition. Therein he set forth that David would soon be 21 years of age and was self-supporting. He also asked that he be given the custody of Dale because the plaintiff was not giving him proper supervision or providing him with proper living conditions and, because thereof, he was becoming a delinquent. Hearing on this petition and cross-petition was commenced on March 12, 1947, but, after one witness had testified, the hearing was continued.

On November 16, 1949, the plaintiff filed another petition in which she asked for an increased allowance for Dale. This application was based on the fact that Dale desired to and was attending a military academy and also on the increased cost of living. After having filed a special appearance and demurrer thereto, both of which were overruled, the defendant filed a supplemental answer and cross-petition. Therein he asked that he be given the custody of Dale. The grounds for a change in custody were the same as in his previous cross-petition filed herein. Hearing on these applications by the plaintiff was commenced on March 13, 1950. The court considered it a continuation of the hearing of March 12, 1947. On April 12, 1950, decree was entered which modified the previous orders of the court relating to the son Dale and provided that Dale's custody was to remain with the plaintiff but conditioned as follows: That he is not to be taken outside the jurisdiction of the state except that he may be permitted to continue his schooling at Wentworth Military Academy located at Lexington, Missouri; that during his vacations Dale may stay with his father as much as he chooses but shall stay with him for a period of not less than two days at least twice during

each month while not attending school but that during such periods he shall not be required to stay with his father at nights unless he chooses to do so; that if, on these occasions, he stays with his father for a period of a week or more at any one time that then the amount herein ordered paid by the father for the son's support is to be proportionately reduced; and that either parent may visit the son while he is attending school. It also provides, effective April 5, 1950, that the defendant is to pay $80 a month for the son's support and education.

Defendant filed a motion for new trial and has appealed from the overruling thereof.

For the purpose of writing this opinion we shall refer to the parties here as they appeared in the action in the district court, that is, to Ella Lois Bize as plaintiff and to David Bize as defendant.

The first contention made by the defendant is that the court erred in denying his special appearance and in overruling his demurrer directed to the plaintiff's second petition for modification of the decree, which petition was filed on November 16, 1949. This contention is based on the proposition that another action was pending between these same parties on the same cause of action by reason of the first petition filed by the plaintiff for that purpose on January 9, 1947, which application remained undisposed of.

Section 42-312, R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

"The decree of a district court in a divorce action insofar as a minor child is concerned is never final in the sense that it cannot be changed but is subject to review at any time in the light of changing conditions." Miller v. Miller, 153 Neb. 890, 46 N. W. 2d 618.

The district court has a continuing power, after decree of divorce, alimony, and child support has been granted, to review and revise the provisions of child support at its subsequent terms on petition of either of the parties. See Miller v. Miller, *supra.*

"An application to modify the terms of a decree of divorce is not an independent proceeding. It is not the commencement of an action. It is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are by the very terms of the statute subject to modification." Miller v. Miller, *supra.*

"Courts of general jurisdiction have the inherent power to do all things necessary for the proper administration of justice and equity within the scope of their jurisdiction." Miller v. Miller, *supra.*

From the foregoing authorities it is apparent that no other action was commenced between the parties hereto by reason of the petition filed by plaintiff on January 9, 1947, seeking to have the court modify its previous order as to child support. It was all part of the same action over which the court had continuing jurisdiction. We find the contention to be without merit.

Before discussing the factual situation we think it advisable to set out one other applicable principle in addition to those already set forth, namely: When the custody of minor children is involved their custody is to be determined by the best interests of the children with due regard for the superior rights of fit, proper, and suitable parents. See, Gorsuch v. Gorsuch, on rehearing, 143 Neb. 578, 11 N. W. 2d 456; Hodges v. Hodges, *ante* p. 178, 47 N. W. 2d 361; McNamee v. McNamee, *ante* p. 212, 47 N. W. 2d 383.

Since the trial court in its decree of July 5, 1944, found both parents to be fit and proper persons to be entrusted with the custody of their children we shall discuss only those events that have taken place since then which

relate to the issue of who should now be given the custody of the minor son Dale.

Dale was born on October 11, 1932. At the time his custody was awarded to the plaintiff by the decree of July 5, 1944, he was 11 years of age. In December 1946 Dale got into trouble and was brought before the juvenile authorities. He was found to be a delinquent and placed on probation to Frank Chase. Mr. Chase directed Dale to report to him every other Saturday. This he failed to do. Dale was again in trouble and brought before the juvenile authorities in March 1947.

On September 28, 1946, David, the parties' other minor son, had returned from serving in the military services of his country. In view of David's return the plaintiff, on January 9, 1947, filed a petition herein. The purpose of filing the petition was to obtain an increase in the amount defendant was being required to pay for the children's support. Defendant filed an answer and cross-petition thereto asking, among other things, that he be given the custody of Dale. On March 12, 1947, a hearing was had on this petition and cross-petition. After one witness had testified the hearing was continued and Dale, who was then being held in the detention home, was permitted to go home with his father. Dale was to stay with his father for a week, which he did, after which he returned to his mother with whom he had been placed on probation. Nothing further was done about the continuation of this hearing until after the plaintiff filed a second petition to increase the amount of the support defendant was being required to pay. This second petition was filed on November 16, 1949.

Dale was again in trouble and brought before the juvenile authorities in November 1947. He was again placed on probation with his mother.

In September 1949 plaintiff entered Dale in Wentworth Military Academy located at Lexington, Missouri. She did so without authorization from the court or consent

of defendant. This was contrary to the provisions of the decree of July 5, 1944.

It appears that Dale likes attending the academy very much and that he is getting along very nicely. At the hearing in March 1950 he expressed the desire that he would like to continue to attend the academy as he felt he had been and would be materially benefited thereby.

On November 16, 1949, plaintiff filed her second petition which has already been referred to. In this petition she asked for an increase in the amount that defendant should be required to pay for Dale's support and education. Defendant filed an answer and cross-petition thereto wherein he again asked for Dale's custody. After hearing thereon the trial court entered the order from which this appeal was taken.

The record shows that defendant is a fit person to be entrusted with the custody of his son Dale, particularly so in view of the fact that he is now remarried and has a home in which the boy can stay. However, whether or not he is a proper or suitable person to have such custody the record leaves much doubt. His only apparent effort to get such custody awarded to him has been whenever plaintiff has made application for an increased allowance. His failure to force a further hearing after the continuation of the hearing on March 12, 1947, at a time when his son was in trouble, shows a rather indifferent attitude on his part.

It appears from the record that Dale was in rather serious trouble during the period from December 1946 to November 1947, while in the custody of plaintiff, although nothing of that nature appears to have happened since; that plaintiff has little or no regard for the truth; that she has little or no respect for authority, including the orders of the court; and that she has endeavored to alienate whatever affections the two sons had for their father, although not successful in doing so. However, we do not think the record as a whole is sufficient to say that now, after she has had the custody of

the boy for almost seven years and he is 18 years of age, that she is totally unfit and not a proper and suitable person to have his custody. This is particularly so in view of Dale's request that his custody be left with his mother. There is no question but what the plaintiff is deeply interested and concerned in the welfare of her two sons.

We find the custody of Dale should be left with the plaintiff but subject to these conditions: That Dale shall continue to attend Wentworth Military Academy located at Lexington, Missouri, until such time as he shall have either fully completed the courses of study which the school offers, arrived at the age of 21 years, or entered the military services of his country; that he shall attend all sessions of the academy, including those offered during the summer; that except for the purpose of attending Wentworth Military Academy he shall not be removed from the State of Nebraska without approval of the court; that during any vacation period if Dale returns to Nebraska he shall divide his time equally between his parents, spending half of such time with plaintiff and half with defendant, and should such stay with the defendant result in his being there for a week or more at any one time then defendant shall be entitled to reduce the amount of his payment for that period proportionately; that either parent shall be permitted to visit Dale while attending the academy provided it is done in accordance with the rules thereof; and that each of the parents shall be entitled to receive a copy of all the reports from the school regarding Dale, including reports of his grades.

The trial court directed defendant, commencing April 5, 1950, to pay the sum of $80 a month for the support and education of Dale. We shall not review the record herein as to the financial status of either party but suffice to say both are of sufficient wealth and have sufficient income that the amount each will be required to pay for Dale's support and education will not burden

either of them. We find the amount defendant was directed to pay to be reasonable and not excessive and within his ability to pay.

The lower court ordered the defendant to pay the costs in that court including an attorney's fee of $100 allowed plaintiff. We find such to be proper and do the same with reference to the costs in this court which costs shall include the sum of $150 which amount is allowed the plaintiff for the services of her attorneys in this court.

We order that the decree of the trial court of April 12, 1950, be modified as herein set forth and direct the trial court to enter an order accordingly.

REVERSED AND REMANDED WITH DIRECTIONS.