LUCILLE MOREHOUSE, APPELLEE, v. CECIL B. MOREHOUSE,
APPELLANT.

66 N. W. 2d 579

Filed November 5, 1954.   No. 33577.

*James W. Karlovsky* and *Edward J. Baburek,* for appellant.

*Ralph R. Bremers,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On February 10, 1953, plaintiff Lucille Morehouse was awarded an absolute divorce from defendant Cecil B. Morehouse. The decree awarded plaintiff the custody of their two children then 6 and 4 years of age, subject to the right of reasonable visitation by defendant and ordered him to pay $30 each week for their support. There never was therein or subsequently any finding or adjudication that defendant was unfit or unsuitable to have the custody of the children. Property accumulated by the joint efforts of the parties was also divided, but such portion of the decree is not involved here.

Subsequently, on December 17, 1953, the trial court on its "own motion" rendered a judgment which, after simply reciting the provisions of the decree of divorce aforesaid with relation to custody of the children and payment of child support, found that plaintiff was then mentally ill, confined in a hospital, and unable to properly care for the children. It was then ordered and adjudged that it would be for the best interests of the children to be placed in custody of the court with possession in the Catholic Charities of the Archdiocese of Omaha until further order of the court, but that defendant should be required to continue the payments of child support.

On December 22, 1953, within statutory time, defendant filed a motion to vacate the judgment and grant a new trial upon the grounds that the judgment was contrary to law and was rendered without any authority or jurisdiction because it was rendered without any legal notice to and in the absence of defendant whereby he was deprived of his legal right to be present and have a hearing upon the question of the fitness and suitability of himself or his parents to have custody and possession of the children in preference to strangers. Thereafter,

several affidavits were filed by the parties, but the trial court entered an order the effect of which was to sustain oral objections to a hearing of defendant's motion based thereon. In such situation, there is no bill of exceptions so it is elementary that the affidavits cannot be considered here. In that regard, it is generally the rule that: "A petition or motion to vacate a judgment should be verified or supported by affidavits as to the facts set forth, except where the facts necessary to support the application appear on the face of the record, or rest within the personal knowledge of the judge, where the application is made at the same term at which the judgment was rendered, and while the cause is still in fieri." 49 C. J. S., Judgments, § 295, p. 544. Also, as early as O'Brien v. O'Brien, 19 Neb. 584, 27 N. W. 640, cited with approval in Clark v. Clark, 139 Neb. 446, 297 N. W. 661, this court concluded that proceedings to modify a divorce decree were special statutory proceedings. See, also, Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151. In such cases, jurisdiction must be shown or affirmatively appear upon the record. 31 Am. Jur., Judgments, § 420, p. 83.

On February 25, 1954, defendant's motion was overruled and he appealed, assigning as error the several contentions made in his motion for new trial. We sustain the assignments.

We call attention to the fact that defendant's contentions were a direct attack upon the judgment. In that connection, the transcript affirmatively shows that such judgment was rendered entirely upon the court's own motion without any application by either party for modification of the original decree, and the plaintiff was of necessity not personally present. Whether or not her counsel was present does not appear. The transcript does not disclose that any notice of such proceedings was ever given or served upon defendant or that he was present thereat either personally or by counsel. As a matter of fact, by analogy from the language used in de-

fendant's motion to vacate and for new trial and the overruling thereof by the trial court, it affirmatively appears that defendant was never given or served with notice and that he was not present at the hearing either personally or by counsel.

It is pertinent here to say that plaintiff's counsel appeared in the district court and objected to vacation of the modification or the granting of a new trial. Also, he filed a brief in this court urging an affirmance of the modification taking custody and possession of the children away from his client and praying for an allowance of costs to plaintiff, including attorneys' fees for services rendered for her in this court. Thus the record discloses that the substance and effect of the services rendered by plaintiff's attorney was not to defend any right claimed by plaintiff but rather to defend the rights of strangers as against any claimed by defendant. It is ordinarily within the discretion of the trial court and this court upon appeal to refuse or allow attorneys' fees together with the amount thereof. Blakely v. Blakely, 102 Neb. 164, 166 N. W. 259; Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232. We find no circumstance in this record which would justify the allowance of attorneys' fees in this court to plaintiff for services rendered herein by her attorney. Such allowance is denied. However, since the record indicates that plaintiff may have been mentally incompetent at the time, all costs are taxed to defendant.

Section 38-107, R. R. S. 1943, provides: "The father and mother are the natural guardians of their minor children and are equally entitled to their custody, services, and earnings, and to direct their education, being themselves competent to transact their own business and not otherwise unsuitable. If either dies or is disqualified for acting, or has abandoned his or her family, the guardianship devolves upon the other."

Section 42-311, R. R. S. 1943, provides: "Upon pronouncing a sentence or decree of nullity of a marriage

and also upon decreeing a divorce, whether from the bonds of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain. In case no decree of divorce or nullity is granted, the court may award the custody, care and maintenance of minor children in such manner as shall seem advisable." Further, in that regard section 42-312, R. R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

In In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885, this court concluded: "A decree of divorce, which awards the custody of a minor child to the mother with the privilege of visitation reserved to the father, against whom there is no finding of unfitness, does not deprive the father of the natural right to the custody of his child except as against the mother. Upon her death, his right ceases to be affected by said decree, and he is then entitled to the custody of said child against the claim of any person.

"A parent who has not voluntarily surrendered the custody and control of his child, or wilfully abandoned the same, cannot be deprived of his child in a contest with a stranger, unless unfitness is affirmatively alleged and proved."

In Bize v. Bize, 154 Neb. 520, 48 N. W. 2d 649, we reaffirmed that: "When the custody of minor children is involved their custody is to be determined by the best interests of the children with due regard for the superior rights of fit, proper, and suitable parents."

In Lakey v. Gudgel, 158 Neb. 116, 62 N. W. 2d 525,

cited with approval in Ripley v. Godden, *supra,* we held: "The courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation or has forfeited that right." In the last-cited case, we held that: "A parent may not be deprived of the custody of his child by the court until it is established that the parent is unfit to perform the duties of the relationship of parent and child or has forfeited the right to the custody of the child.

"The custody of a child is to be determined by its best interest with due regard to the superior rights of a fit and suitable parent."

Also, as held in Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388: "The natural rights of the parents are of important consideration and, in the absence of special circumstances, the child or children should be awarded to the parent, or parents, as against more distant relatives or third persons."

As early as Clarke v. Lyon, 82 Neb. 625, 118 N. W. 472, 20 A. L. R. N. S. 171, this court held: "The unfitness which deprives a parent of the right to the custody of his children must be positive, and not comparative, and the mere fact that the children would be better nurtured or cared for by a stranger is not sufficient to deprive the parent of his right to their custody." It affirmatively appears from this record that the trial court rendered its decree without giving any consideration to such rules.

We are confronted then with the question of whether or not section 42-312, R. R. S. 1943, authorizes the trial court from time to time on its own motion to revise or alter to any extent the decree so far as it concerns the care, custody, and maintenance of the children without notice to the parents and opportunity for hearing by them upon the issue of whether or not they are fit and suitable parents to have the custody of their children.

We conclude that the court has no such authority or jurisdiction.

This court in In re Application of Thomsen, 1 Neb. (Unoff.) 751, 95 N. W. 805, cited with approval in Clarke v. Lyon, *supra,* said: "The rights of parents to the custody and earnings of their minor children are established by the common law and declared by our statutes. These rights cannot be taken away otherwise than upon due notice and hearing."

Miller v. Miller, 153 Neb. 890, 46 N. W. 2d 618, is directly in point. That case involved among other related issues the method and manner of notice required under comparable circumstances in order to satisfy due process. Therein, citing Droste v. Droste, 231 Iowa 216, 1 N. W. 2d 107, we said: "In a proceeding to modify a divorce decree under statutory provision authorizing subsequent changes in the divorce decree, 'due process of law' requires only that the method of service be reasonably calculated to give the person served knowledge of the proceedings and opportunity to be heard." No other comparable or controlling cases from this jurisdiction have been cited or found, but there are numerous authorities from other jurisdictions which have likewise determined such questions.

For example, in Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A. L. R. 238, under comparable statutes and circumstances, the court held: "Before a parent can be deprived of the custody of his minor child, there must be a hearing before a court of competent jurisdiction in which he has been served with process or entered an appearance, and no court has a right to deprive him of the custody or to judge him to be unfit for such custody without an opportunity for him to appear and be heard. To do so would be to deprive him of his legal rights without due process of law."

Further, in the Annotation to 76 A. L. R. at page 253, citing and reviewing authorities from some nine jurisdictions, it is said: "In proceedings for the modifica-

tion of orders, judgments, or decrees in divorce proceedings relative to the custody of minor children, it has been generally held that proper notice to the adverse party and an opportunity to be heard are required, whether provided for by statute or not." Such rules are controlling here.

We conclude that where the circumstances of the parties shall change or it shall be for the best interests of the children, having due regard for the rights of fit, proper, and suitable parents, the court may on its own motion, as provided in section 42-312, R. R. S. 1943, revise or alter its former divorce decree so far as it concerns the care, custody, and maintenance of the children, but unless the parents or other parties in interest have voluntarily entered an appearance, the court has no authority or jurisdiction to do so without notice to such parties and opportunity given them to appear and be heard.

For reasons heretofore stated, the judgment of the trial court should be and hereby is reversed. All costs are taxed to the defendant.

REVERSED.