EMMA HANISKY v. M. A. KENNEDY.

FILED SEPTEMBER 20, 1893.   No. 4423.

Bastardy: DEATH OF CHILD: ABATEMENT OF ACTION. The prosecution of the father of a bastard child, under chapter 37, Compiled Statutes, does not abate by the death of the child pending the prosecution.

ERROR from the district court of Fillmore county. Tried below before MORRIS, J.

*John D. Carson* and *Hastings & McGintie,* for plaintiff in error, cited: *Cottrell v. State,* 9 Neb., 127; *Jones v. State,* 14 Id., 210; *Hinton v. Dickinson,* 19 O. St., 583; *Meredith v. Wall,* 14 Allen [Mass.], 155; *Smith v. Lint,* 37 Me., 546; *Maxwell v. Campbell,* 8 O. St., 265; *Hauskins v. People,* 82 Ill., 193; *Evans v. State,* 58 Ind., 587; *Jardee v. State,* 36 Wis., 170; *State v. Zeitler,* 35 Minn., 238; *Scatterwhite v. State,* 32 Ala., 578.

*Richard Cunningham, contra,* cited: *State v. Beatty,* 16 N. W. Rep. [Ia.], 149.

Ragan, C.

On the 15th day of May, 1889, Emma Hanisky filed a complaint before the county judge of Fillmore county, alleging she was a single woman and pregnant of a bastard child, and that M. C. Kennedy was the father of such child. Such proceedings were had that Kennedy was held to answer said complaint at the next term of the district court of said county. This court convened in November of that year, and it being made to appear to the court that the child was born on the 22d day of September and had died on the 26th day of October following, the district court, on motion of the defendant Kennedy, dismissed the action. The plaintiff took an exception to this, and brings the case here on error.

The sole question presented by this record is, whether or not the pending action abated by reason of the death of the child. The answer to this question must depend upon the construction of section 6, chapter 37, entitled "Illegitimate Children," Compiled Statutes, which provides: "That in case the jury find the defendant guilty, or such accused person, before the trial, shall confess in court that the accusation is true, he shall be judged the reputed father of said child, and shall stand charged with the maintenance thereof, in such a sum or sums as the court may order and

direct, with payments of costs of prosecution, and the court shall require the reputed father to give security to perform the aforesaid order. * * *" It will be seen from this statute that the object of this proceeding is that the complainant may have the verdict of a jury and a judgment of the court as to whether the person accused is the father of the bastard child. If the jury shall so find, then it becomes the duty of the court to render a judgment (a) that the defendant is the reputed father of the child; (b) that he pay or secure $—— to maintain the child; (c) that he pay the costs of the prosecution. This much the statute literally commands. The complainant was, if successful, entitled to recover the costs expended by her, and the reasonable costs of maintaining the child during its life. But we think this statute should be liberally construed, and in such a case as this the term "maintenance" is broad enough to include the necessary expense incident to the birth of the child, such as the employment of nurse, midwife, and physician, and a decent burial of the infant.

The court erred in dismissing the action. The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

THE other commissioners concur.