ROSCOE HARSHMAN v. LILLIAN INGWERSON.

FILED JUNE 15, 1897. No. 8474.

1. **Bastardy:** EVIDENCE. On the hearing of a bastardy proceeding it is error for the district court to admit evidence of the value of the services rendered by the attorneys of the prosecutrix.

2. ———: MAINTENANCE. The word "maintenance," found in section 6, chapter 37, Compiled Statutes, should not be so construed as to include the value of the services of the prosecutrix's attorneys.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Affirmed conditionally.*

*Matthew Gering,* for plaintiff in error.

*A. N. Sullivan,* contra.

RAGAN, C.

This is a suit instituted by Lillian Ingwerson against Roscoe Harshman to charge the latter with the maintenance of her illegitimate child, of which she alleged Harshman was the father. To review the judgment rendered in the proceeding by the district court of Cass county Harshman prosecutes here a petition in error.

On the trial of the case the district court permitted Miss Ingwerson, over the objection of Harshman, to put in evidence the reasonable value of the services of the attorneys employed by her to conduct the prosecution. The court found the value of these services to be $75, and

by its judgment charged Harshman with the payment of that sum in addition to the payment of the sum of $—— for the maintenance of said child and the costs of such prosecution.  The admission in evidence of the value of the services of Miss Ingwerson's counsel and the charging of Harshman with the value of said services were erroneous.  By section 6, chapter 37, Compiled Statutes, the court was invested with jurisdiction to charge Harshman with the maintenance of this illegitimate child.  In *Hanisky v. Kennedy*, 37 Neb., 618, the word "maintenance" in this statute was construed, and it was there held to include the reasonable costs of supporting the child and the necessary expenses incident to its birth and its burial. But we do not think that this term "maintenance" should be so construed as to include the value of services rendered by an attorney for the prosecutrix.  The defendant in error may within forty days from this date remit from the judgment rendered as of its date the sum of $75.  In case she does so, the judgment of the district court will be affirmed, otherwise it will stand reversed.

JUDGMENT ACCORDINGLY.