Bolich v. Robinson.

---

FERN BOLICH, APPELLEE, V. HARRY ROBINSON, APPELLANT.

FILED JULY 7, 1921.   No. 21700.

1. **Bastardy: DEFENSE: ALIBI: INSTRUCTION.** A proceeding under the bastardy act is a quasi-criminal proceeding, and an alibi is a legitimate defense and should not be disparaged by the trial court; the weight or sufficiency of the evidence for that purpose being a question for the consideration of the jury. It is error for the trial court to discredit such defense by instructing the jury that "an alibi is capable of being manufactured and is sometimes manufactured," and that "it is incumbent upon the jury to scan the evidence thereof with caution and care."

2. **Courts: JUDGMENT: SCOPE.** When the district court acquires jurisdiction of an action, it retains it for the purpose of the entry of any judgment that may be proper under the pleadings and the evidence.

3. **Bastardy: ADOPTION OF CHILD: RELIEF.** In a bastardy proceeding, a mother may, after the adoption of the child during the pendency of the action, recover in that action her lying-in expenses.

4. ———: ———: ———: **ABATEMENT.** The adoption of a bastard child during the pendency of a bastardy action relieves the mother from liability for its support and charges the adopting parents with that responsibility, and that part of her cause of action for its support and maintenance is abated; but that part of her cause of action which permits her to recover lying-in expense is not abated, the rule being that, before an action is abated, there must be a complete termination of the action, and that as to any undetermined matter in issue the action as to that is not abated.

APPEAL from the district court for Cuming county: WILLIAM V. ALLEN, JUDGE. *Reversed.*

*F. D. Hunker* and *George A. Eberly,* for appellant.

*A. R. Oleson* and *J. C. Elliott, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., DICKSON and TROUP, District Judges.

DICKSON, District Judge.

This is a bastardy proceeding commenced in the county court of Cuming county, Nebraska, by Fern Bolich, appellee, and against Harry Robinson, appellant; the parties being hereinafter designated as plaintiff and defendant.

The plaintiff charged in her complaint that she was pregnant with a bastard child and that the defendant was the father. A hearing in the county court resulted in the binding over of the defendant to the district court; there a trial was had and the defendant found guilty and was, by the court, adjudged to be the father of the plaintiff's child, and required to pay $1,800 for its maintenance. Defendant appeals from this judgment to this court, and assigns many reasons why the judgment of the district court should be reversed.

The plaintiff testified to two acts of sexual intercourse in Wisner, Nebraska, with the defendant January 11 and 18, 1919, and that pregnancy resulted therefrom. The defendant denied these alleged acts of intercourse, and offered evidence tending to prove that on those dates he was not in Wisner, but at a distant place.

From the evidence it appears that, on the 27th day of June following, the complainant entered the Fairmount Maternity Hospital of Kansas City, Missouri, where she gave birth to a child October 3 following. She testified that a few days after its birth she consented to its adoption, and has never seen it since. The defendant offered in evidence, and the trial court excluded, an authenticated copy of the judgment of adoption of the child as entered by the circuit court for Jackson county, Missouri, at Kansas City on the 7th day of November.

No useful purpose will be served by a discussion of the many errors assigned. But few merit consideration. We

are presented at the outset with the question of the jurisdiction of the district court for Cuming county to try this case, the contention of the defendant being that the action abated because of the birth of the child and its adoption in Missouri, thereby relieving the mother and the county of all liability for its care and maintenance, and that neither the plaintiff nor the county could thereafter maintain an action for the maintenance of the child, neither being liable.

From the record in this case it appears without dispute that every jurisdictional fact necessary to give the county court jurisdiction existed, and jurisdiction was acquired, not only by the county court, but by the district court. The district court having rightfully obtained jurisdiction, did it lose it by the mother going outside of the jurisdiction of the court for the purpose of confinement and the subsequent adoption of the child? We think not. The district court, having once lawfully and properly acquired jurisdiction, retained it for the purpose of the entry of any judgment that might be proper under the pleadings and the evidence.

By the adoption of the child, the mother was relieved of its support and maintenance, and the liability of the father for the support and maintenance of the child to the mother ceased.   The adopting parents being residents of Missouri, the child took the residence of the adopting parents and they became liable for its support and maintenance.   The rule of law is:  "An adoptive parent is ordinarily liable for the support of an adopted minor child to the same extent as a natural parent would be liable, and the natural parent is relieved of responsibility."   1 C. J. 1396, sec. 121.   The relinquishment by the mother of the child and the adoption thereof relieved the mother of the maintenance thereof and placed the burden upon the adopting parents, and that part of plaintiff's cause of action against the defendant was abated.   The action would not abate without a complete termination.   If there was anything left to determine, the undetermined

matter was not abated. This court has held that the death of the child, also the mother, will not abate the proceedings. *Hanisky v. Kennedy,* 37 Neb. 618; *Dodge County v. Kemnitz,* 28 Neb. 224. In the *Hanisky* case, the child died during the pendency of the action, relieving the mother and possibly the county of its support; and this court held that complainant was entitled to recover the lying-in expense. The term "maintenance" used in section 6, ch. 37, Comp. St. 1889, was construed in that case to include the necessary expenses incident to the birth of the child, such as the employment of a nurse, midwife and physician, and a decent burial of the child. The right of recovery in this case is controlled by the *Hanisky* case, and as to the lying-in expense only, that part of the plaintiff's cause of action was not abated. It follows that the district court erred in not receiving in evidence the record of the adoption of the child, and erred in rendering judgment against the defendant for $1,800; the evidence before the court being that the lying-in expense was about $225.

A consideration of the other assigned errors is unnecessary, but in view of the fact that there may be a retrial of this case and that the trial court might again give the instruction complained of on an alibi, we deem it proper to express our disapproval thereof. This instruction is in conflict with the previous holdings of this court. The instruction complained of is as follows:

"The defendant has introduced testimony tending to prove an alibi. An alibi is the claim of a defendant that he was not at the place of the commission of the alleged act at the time it is claimed to have taken place. Where this claim is made in good faith and supported by competent evidence it constitutes a defense; but as an alibi is capable of being manufactured and is sometimes manufactured, it is incumbent upon the jury to scan the evidence thereof with caution and care. If you believe from the testimony that the alibi has been established, then it would be your duty to find the defendant not guilty. If,

however, after considering all the evidence in the case and the logical deductions therefrom you are convinced that the defendant is guilty of the matters and things charged in the complaint, it is your duty to find him guilty."

The question of the parentage of the child was a question of fact for the jury. Evidence was properly received by the trial court as to the defendant's whereabouts on the dates of the alleged acts of intercourse, and it was the duty of the court to submit to the jury the defendant's defense of an alibi by proper instruction, and this defense should not be discredited by the trial court; the weight or sufficiency of the evidence for that purpose being a question for the consideration of the jury. *Henry v. State,* 51 Neb. 149; *Casey v. State,* 49 Neb. 403. By this instruction the jury are told that an alibi is capable of being manufactured and that it is sometimes manufactured, and that it is incumbent upon the jury to scan the evidence thereof with caution and care. A similar instruction to the one under consideration was given by the trial court in *Henry v. State, supra.* In that instruction the trial court said to the jury: "The fact, however, which experience has shown, that an alibi, as a defense, is capable of being and has been occasionally successfully fabricated, that even when wholly false its detection may be a matter of very great difficulty, and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance," etc. Chief Justice Post, in commenting on that instruction, said: "But that it is within the province of the judge, under our practice, by means of cautionary instructions, to discredit a particular defense or the evidence in support of a particular proposition we cannot admit, since witnesses are by no known rule of law or logic presumed to be less truthful simply because they testify concerning an alibi." In further criticism of this instruction Judge Post said: "We are, however, unable to conceive of any sound reasons for cautionary instructions with respect to an alibi which do not apply with equal force to any other defense."

In *Casey v. State, supra,* the trial court, instructing on the question of an alibi, said: "The evidence produced to establish an alibi should be cautiously received, though when proved, it is as strong as any other defense." Chief Justice Post said, in commenting upon this instruction: "The vice of the instruction here assailed is, when tested by the authorities cited, first, that it discredits a legitimate defense, by advising the jury that the evidence in behalf of the accused should be received with caution." The criticism of the instructions in *Henry v. State* and in *Casey v. State, supra,* apply with equal force to the instruction under consideration, and the giving was prejudicial error.

For the foregoing reasons, the judgment of conviction must be reversed and the cause remanded for trial *de novo.*

REVERSED.