IN RE the MARRIAGE OF: Anne E. McALEAVY,
Petitioner-Respondent,

v.

John C. McALEAVY, Respondent-Appellant.

Supreme Court

*No. 87-2341. Argued April 25, 1989.—Decided June 7, 1989.*

(Also reported in 440 N.W.2d 566.)

For the respondent-appellant there were briefs (in court of appeals) by *Jon P. Axelrod, Paul G. Kent* and *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.,* Madison, and oral argument by *Mr. Axelrod.*

For the petitioner-respondent there was a brief (in court of appeals) by *Linda S. Balisle, Michael S. Heffernan* and *Stolper, Koritzinsky, Brewster & Neider, S.C.,* Madison, and oral argument by *Ms. Balisle.*

STEINMETZ, J. This case presents two issues. The first issue is whether sec. 801.05(11), Stats.,[1] requires as a prerequisite to the establishment of personal jurisdiction in an action affecting the family, that the parties must have lived in a marital relationship in

---

[1] Sec. 801.05(11), Stats., provides as follows:

Certain marital actions. In addition to personal jurisdiction under sub. (1) and s. 801.06, in any action affecting the family in which a personal claim is asserted against the respondent commenced in the county in which the petitioner resides at the commencement of the action when the respondent resided in this state in marital relationship with the petitioner for not less than 6 consecutive months within the 6 years next preceding the commencement of the action and the respondent is served personally under s. 801.11. The effect of any determination of a child's custody shall not be binding personally against any parent or guardian unless the parent or guardian has been made personally subject to the jurisdiction of the court in the action as provided under this chapter or has been notified under s. 822.05 as provided in s. 822.12.

27

the state of Wisconsin for at least six months within the six years immediately preceding commencement of the action. The trial court determined that the six months in six years test is one of three possible methods for establishing personal jurisdiction. The court concluded that sec. 801.05(11), should be read to allow the six months in six years test to be read as one method for establishing personal jurisdiction "in addition to" the alternative methods set forth in sec. 801.05(1) and sec. 801.06.[2]

We agree with this conclusion.

The second issue is whether personal jurisdiction established in an initial divorce action continues to provide personal jurisdiction when later enforcing or modifying the judgment, or must personal jurisdiction be

---

[2] Sec. 801.05(1), Stats., provides as follows:

Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

(a) Is a natural person present within this state when served; or

(b) Is a natural person domiciled within this state; or

(c) Is a domestic corporation; or

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

Sec. 801.06, Stats., provides as follows:

**Personal jurisdiction, grounds for without service of summons.** A court of this state having jurisdiction of the subject matter may, without a summons having been served upon a person, exercise jurisdiction in an action over a person with respect to any counterclaim asserted against that person in an action which the person has commenced in this state and also over any person who appears in the action and waives the defense of lack of jurisdiction over his or her person as provided in s. 802.06(8). An appearance to contest the basis for in rem or quasi in rem jurisdiction under s. 802.06(2)(c) without seeking any other relief does not constitute an appearance within the meaning of this section.

independently established each time a party seeks to enforce or modify the judgment. The trial court, the Honorable William D. Byrne, found that once established, personal jurisdiction need not be reestablished in subsequent proceedings associated with the initial action. We agree.

For purposes of this appeal, the facts of this case are undisputed. On July 11, 1953, the parties to this action were married and thereafter resided in Wisconsin for the duration of their marriage. On April 28, 1978, the circuit court for Dane county entered a judgment of divorce based upon a stipulation. On March 30, 1981, John C. McAleavy, a physician, moved to Hendersonville, Tennessee, and has not resided or conducted business in Wisconsin since that time.

On February 19, 1987, Anne E. McAleavy, a librarian employed by the Madison Metropolitan School District, commenced a new action seeking to modify the judgment of divorce. The summons and petition were served on John McAleavy in Tennessee. The action seeks increased maintenance; all the children of this marriage are now adults living apart from their parents.

John McAleavy's answer to the petition contained an affirmative defense which asserted that the court lacked personal jurisdiction over him. He argued that Anne McAleavy's remedy was to commence an action to modify the Wisconsin divorce judgment in the Tennessee courts.[3]

Initially, Dane County Family Court Commissioner Ralph J. Guerin sustained John McAleavy's jurisdic-

_____

[3] Tennessee allows its courts to modify the divorce judgments of foreign jurisdictions. *Parker v. Parker,* 497 S.W.2d 572 (Tenn. 1973). Both Tennessee and Wisconsin have adopted the Uniform Reciprocal Enforcement of Support Act (URESA) sec. 767.65, Stats. Tenn. Code sec. 36–5–201, et seq.

tional objections and dismissed the action for lack of personal jurisdiction. Commissioner Guerin noted that because Anne McAleavy "chose to start a new action, it [was] necessary that the personal jurisdiction requirements of section 801.05(1) and section 801.05(11) be met."

Anne McAleavy filed a motion for a de novo hearing before a circuit court. On June 30, 1987, while the de novo review of the commissioner's decision was pending before the circuit court, she filed a petition to revise the judgment in the original divorce action.

John McAleavy again objected to personal jurisdiction. Commissioner Guerin reversed his earlier order and ruled that the court had continuing jurisdiction under sec. 767.32, Stats., and, therefore, personal jurisdiction did not have to be reestablished. John McAleavy then filed a request before the circuit court for de novo review of the commissioner's second decision.

Judge Byrne issued a decision and order upholding the decision of the family court commissioner. Judge Byrne concluded that the court had continuing subject matter and personal jurisdiction over parties for purposes of modifying a divorce judgment under sec. 767.32, Stats., and *Dillon v. Dillon,* 46 Wis. 2d 659, 176 N.W.2d 362 (1970). In addition, the trial court agreed with the commissioner that sec. 801.05(11) was to be read disjunctively and did not have to be satisfied if sec. 801.05(1) or sec. 801.06 was established. The trial court concluded that as a result of paying maintenance pursuant to the judgment, John McAleavy had sufficient minimum contacts with Wisconsin to establish personal jurisdiction.

John McAleavy petitioned for leave to appeal the trial court's decision to the court of appeals. The court of appeals granted the petition for leave to appeal a nonfi-

nal order. The court of appeals certified the issues to this court under the provisions of sec. 809.61, Stats., and we granted the certification.

The issues on review involve statutory construction relating to personal jurisdiction in marital actions as set forth in secs. 767.05(1) and 801.05(11), Stats. The interpretations of statutes are questions of law and subject to independent review by this court without deference to the reasoning of the trial court. *First Nat. Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251 (1977); *Central Nat. Bank of Wausau v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321 (Ct. App. 1982).

Both parties agree that the trial court had subject matter and personal jurisdiction to enter the original divorce judgment. Further, the parties do not dispute that the plain language of sec. 767.32, Stats., grants the family courts subject matter jurisdiction to revise their judgments.

John McAleavy contends that Wisconsin does not recognize continuing personal jurisdiction in divorce proceedings. He asserts that under sec. 801.05(11), Stats., jurisdiction over his person may be obtained only if he has lived in a marital relationship with Anne McAleavy in the state of Wisconsin for at least six months within six years immediately preceding the commencement of this modification action. He argues the six months within six years test is a necessary element for determining personal jurisdiction in an action affecting the family along with the requirements of sec. 801.05(1) or sec. 801.06.

On the other hand, Anne McAleavy argues that sec. 801.05(11), Stats., provides three independent methods by which a court can obtain personal jurisdiction over a party in certain marital actions. We conclude that the

six months within six years test is not a prerequisite for obtaining personal jurisdiction in this type of action.

██

In order to conduct hearings in an action, the court must have personal jurisdiction over the parties. *Schroff v. Schroff,* 85 Wis. 2d 505, 514, 271 N.W.2d 379 (1978); *Eule v. Eule,* 9 Wis. 2d 115, 122, 100 N.W.2d 554 (1960). In actions affecting the family, sec. 767.05(1), Stats., provides the basis by which a court can obtain personal jurisdiction. Section 767.05(1) states that "[a] court of this state having jurisdiction to hear actions affecting the family may exercise jurisdiction as provided under ch. 801 except that personal jurisdiction is limited by sec. 801.05(11)." Section 801.05(11) provides in relevant part that a court has personal jurisdiction over a person when:

> In addition to personal jurisdiction under sub. [801.05] (1) and s. 801.06, in any action affecting the family in which a personal claim is asserted against the respondent commenced in the county in which the petitioner resides at the commencement of the action when the respondent resided in this state in marital relationship with the petitioner for not less than 6 consecutive months within the 6 years next preceding the commencement of the action and the respondent is served personally under s. 801.11 . . ..

Section 801.05(11), Stats., refers to sec. 801.06 which permits the exercise of personal jurisdiction under certain circumstances without the service of summons and is not at issue in this case. The initial phrase of sec. 801.05(11) also refers to sec. 801.05(1) which provides that personal jurisdiction may be obtained by:

**(1)** Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:

(a) Is a natural person present within this state when served; or

(b) Is a natural person domiciled within this state; or

(c) Is a domestic corporation; or

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

Contrary to John McAleavy's argument to this court, sec. 801.05(11), Stats., provides three independent sources of personal jurisdiction: the six month within six years test stated in sec. 801.05(11) and the additional, alternative sources of personal jurisdiction set forth in sec. 801.05(1) and sec. 801.06. If any one of these independent bases for personal jurisdiction is established, the trial court has personal jurisdiction over John McAleavy.

The family court commissioner and trial court both concluded that the three sources of personal jurisdiction in sec. 801.05(11), Stats., were to be considered in the disjunctive. They were correct. As stated by Judge Byrne: "[I]f personal jurisdiction attaches to the respondent [John McAleavy] under any of these three provisions, this court has personal jurisdiction over him."

John McAleavy petitioned for divorce while a resident of Wisconsin. The judgment was granted by a Dane county court. Under the terms of that judgment, John McAleavy was to provide both child support and maintenance payments to his ex-wife who continued to reside in Wisconsin. He continued to make these payments as required by the judgment. After he moved to Tennessee, his minor children continued to live in Wisconsin. He

33

and his ex-wife jointly owned property in Dane county which was sold in 1987.

Once a divorce judgment is granted by a court with personal jurisdiction, neither party can escape jurisdiction in future proceedings which attempt to modify or alter the judgment. As stated in the Restatement (Second) of Conflict of Laws sec. 26 (1988):

> If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original claim. Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding.

Comment b of the Restatement explains further:

> Even without the continued existence of some jurisdictional basis, the state retains judicial jurisdiction to vacate, reverse or modify a judgment in proceedings brought before the original trial court . . . or on appeal . . . The lapse of many years does not impair the continuance of judicial jurisdiction in these respects. Thus, a court retains power to modify a decree of alimony or custody despite the lapse of a considerable time between the date of rendition and the request for modification.

The case of *In re Davanis v. Davanis*, 132 Wis. 2d 318, 392 N.W.2d 108 (Ct. App. 1986), relied upon by John McAleavy, is distinguishable from the instant case. In *Davanis* the parties were married in Wisconsin but never resided together in this state. The *Davanis* divorce was obtained in California not Wisconsin. The court of appeals in *Davanis* agreed with the trial court finding that Mr. Davanis had never been a resident of Wisconsin. *Id.* at 333. The only similarity between *Davanis* and

the instant case is that George Davanis, like John McAleavy, had stipulated to child custody, visitation, making support payments and a property division in Wisconsin.

Therefore, personal jurisdiction over John McAleavy exists under the doctrine of continuing personal jurisdiction. The trial court correctly concluded that labeling an enforcement or modification proceeding as a new action does not change the essential fact that these proceedings arise out of and are incident to the original action. The personal jurisdiction obtained at that time continues in subsequent proceedings.

In *Dillon,* 46 Wis. 2d at 673, we discussed the family court's continuing jurisdiction to revise a judgment to sec. 247.25, Stats. (now sec. 767.32), and then discussed the concept of personal jurisdiction on modification as follows:

> The same considerations which were sufficient to initially subject a defendant to the jurisdiction of this state would also be applicable to subsequent modifications of a divorce judgment . . .. In addition, due process requires reasonable notice to the defendant of the pending motion as provided by statute. *Block v. Block* (1961), 15 Wis. 2d 291, 112 N.W.2d 923. In the case of a nonresident defendant, this would require personal service. Sec. 247.057, Stats.

The *Dillon* case was concerned with the establishment of initial jurisdiction, not jurisdiction to modify a subsequent enforcement proceeding. However, today we hold that once jurisdiction is established in a divorce action, the contacts which were sufficient to initially subject the person to the jurisdiction of our courts continue to provide a basis for personal jurisdiction in future proceedings arising from the initial action. *See*

35

*also McClellan v. McClellan,* 125 Ill. App. 2d 477, 261 N.E.2d 216 (1970) and *Chapman v. Chapman,* 512 N.E.2d 414 (Ind. App. 1987).

*Dillon* was decided prior to the enactment of sec. 767.05(1), Stats., which provides that personal jurisdiction in actions affecting the family is limited by sec. 801.05(11), Stats. However, sec. 801.05(11) merely sets forth the requirements for initially establishing personal jurisdiction. As stated in *Dillon,* once these requirements are established, they need not be reestablished for each subsequent proceeding—personal jurisdiction continues.

*By the Court.*—The order of the Dane county circuit court is affirmed.

CHIEF JUSTICE NATHAN S. HEFFERNAN and JUSTICE WILLIAM A. BABLITCH did not participate.