STATE OF NEBRASKA EX REL. CHRISTINE GURNON, APPELLANT, V.
THOMAS W. HARRISON, APPELLEE.

512 N.W.2d 386

Filed March 4, 1994.    No. S-92-465.

Charles E. Dorwart, Deputy Sarpy County Attorney, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

LANPHIER, J.

The State, on behalf of Christine Gurnon, appeals from the order of the district court for Sarpy County denying its application for modification of a decree for child support originally entered by that court. The State asserts that the district court could exercise its continuing jurisdiction over the appellee, Thomas W. Harrison, even though he has since moved to Texas, where he was served with summons. The court denied the State's application on the basis of a lack of personal jurisdiction over Harrison. We reverse the judgment and remand the cause for further proceedings.

## FACTS

On November 13, 1981, the State, on behalf of Gurnon, instituted a paternity action alleging that Harrison was the father of Gurnon's child, Warren William Gurnon. Harrison entered a voluntary appearance and acknowledged paternity. The district court ordered him to pay support in the amount of $100 per month. On February 20, 1992, Gurnon filed an application to modify the 1981 order so as to increase Harrison's support payments.

Harrison was personally served in San Antonio, Texas, on March 4, 1992, with the summons and a copy of the application to modify. Harrison never responded. A notice of default hearing was sent by regular U.S. mail on April 9.

On April 27, 1992, the date of the hearing, Gurnon and her attorney appeared, but Harrison did not. At the hearing,

evidence was adduced regarding Gurnon's and Harrison's income in 1981, when the original order of support was entered. Gurnon's current income was also established. However, Harrison's current income was not established. The record reflects that Harrison does not visit or have any contact with his child. Gurnon testified that Harrison has been paying the ordered support.

The district court denied the application for modification of child support after determining Harrison did not have sufficient contacts with the State to give the court jurisdiction over him.

## ASSIGNMENT OF ERROR

We now turn to the issue raised by Gurnon's appeal: whether the trial court erred in denying the application to modify for lack of personal jurisdiction.

## ANALYSIS

It is fundamental that a court may exercise personal jurisdiction over a person only when a proper statutory basis exists and when such exercise would not offend the Due Process Clause of the 14th Amendment to the U.S. Constitution. See *York v. York*, 219 Neb. 883, 367 N.W.2d 133 (1985).

Nebraska's "long-arm" statute, Neb. Rev. Stat. § 25-536 (Reissue 1989), clearly provides the necessary statutory basis. Section 25-536(2) explicitly extends the State's jurisdiction as far as the Constitution of the United States permits. Thus, we need only address whether Harrison has minimum contacts with the State such that maintenance of the suit would not offend traditional notions of fair play and substantial justice. See *York v. York, supra.*

In *Kulko v. California Superior Court*, 436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978), the Supreme Court held that the mere presence of one party in a state, along with the children of the parties, was not enough to allow a court of that state to obtain in personam jurisdiction over the nonresident party. The basis of the decision was that the unilateral activity of the wife, moving to California with the parties' children, could not constitute a "minimum contact" with the forum state, California, on the part of the husband, who had no other

contact with that state.

Here we are not concerned with merely unilateral activity of a resident party. The nonresident party, Harrison, lived in Nebraska and, in 1982, voluntarily appeared in the district court for Sarpy County to acknowledge his paternity. The district court exercised its personal jurisdiction over Harrison. Thus, we need not address whether minimum contacts exist, but whether the district court retained jurisdiction over Harrison after he moved to Texas.

As a preliminary matter, we note that the district court suggested that the Uniform Reciprocal Enforcement of Support Act (URESA) should have been used to obtain modification of the support order. However, at the time this proceeding was initiated, Neb. Rev. Stat. § 42-764 (Reissue 1988) (repealed effective January 1, 1994) provided that the remedies available through URESA "are in addition to and not in substitution for any other remedies." Thus, the State pursued a proper course in proceeding to modify the filiation proceeding decree through the Sarpy County District Court.

This court has long recognized that where jurisdiction of the person has attached, it is not defeated by a removal of the person beyond the jurisdiction of the court. *Miller v. Miller*, 153 Neb. 890, 46 N.W.2d 618 (1951). See, also, *Bolich v. Robinson*, 106 Neb. 449, 184 N.W. 218 (1921).

In *Bolich*, this court was confronted with the issue of whether the district court, having rightfully obtained jurisdiction, lost it when a mother who instituted a paternity action moved outside the jurisdiction of the court. There we held that once a court lawfully and properly acquires jurisdiction, it retains it for the purpose of the entry of any judgment that might be proper under the pleadings and the evidence.

In *Miller*, we addressed whether, in a proceeding to modify a divorce decree, the district court had personal jurisdiction over a resident of another state who was personally served with notice of the proceeding. Our ruling that the court had personal jurisdiction over the nonresident was based on the fact that an application to modify the terms of a divorce decree is not an independent proceeding or the commencement of an action. "It

is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are by the very terms of the statute subject to modification." 153 Neb. at 898, 46 N.W.2d at 624.

The statute referred to in *Miller* was Neb. Rev. Stat. § 42-312 (1943), since repealed. Section 42-312 merely allowed for the modification of a decree which concerned the care, custody, or maintenance of children. Currently, Neb. Rev. Stat. § 43-1402 (Reissue 1988), when construed with Neb. Rev. Stat. § 42-364 (Cum. Supp. 1992), has the same effect. See *Riederer v. Siciunas*, 193 Neb. 580, 228 N.W.2d 283 (1975).

We see no reason to treat the modification of a filiation decree differently than the modification of a divorce decree. In divorce proceedings, we view an application to modify as a supplementary proceeding. We, therefore, hold that this modification proceeding is supplementary to the filiation proceeding and not an independent proceeding or a new action. Since this is a supplementary proceeding, the district court retained the personal jurisdiction acquired in the original proceeding.

## CONCLUSION

The district court erred in concluding that it did not have personal jurisdiction over Harrison. We, therefore, reverse the judgment of the district court and remand this cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.