**Lynn W. TAYLOR, Respondent Below, Appellant,**

v.

**Anna W. TAYLOR, Petitioner Below, Appellee.**

No. 317, 1995.

Supreme Court of Delaware.

Submitted: Jan. 18, 1996.
Decided: Feb. 8, 1996.

Richard E. Berl, Jr., Berl & Jones, P.A., Georgetown, for appellant.

Peter S. Feliceangeli, and W. Michael Tupman (argued), Deputy Attorneys General, Department of Justice, Wilmington, for appellees, Anna W. Taylor and Division of Child Support Enforcement.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

This matter is before the Court as the result of the certification of two questions of law pursuant to Article IV, § 11(9) of the Delaware Constitution and Delaware Supreme Court Rule 41. The questions that have been certified by the Family Court of the State of Delaware and accepted by this Court are, as follows:

(1) Whether the Family Court of the State of Delaware has been properly interpreting the "continuing jurisdiction" provisions of 13 Del.C. § 513(d) and (f) to allow notice of a petition for modification of child support to be served on a non-resident obligor by [a means other than] Delaware's long arm statute, as set forth in 10 Del.C. § 3104?[1]

(2) If it is determined by the Supreme Court of Delaware that use of the long arm statute is not required by the United States and Delaware Constitutions, then is service by regular mail, pursuant to 13 Del.C. § 513(f), or by certified mail, pursuant to 13 Del.C. § 513(d)(2), required?

### Facts

The following undisputed facts were set forth in the Certificate of Questions of Law ("Certificate") submitted by the Family Court to this Court.[2] Lynn W. Taylor ("Father") and Anna W. Taylor ("Mother") were divorced by final decree of the Family Court in December, 1991. Since the parties last resided together in Delaware, the Family Court had undisputed jurisdiction over the divorce, and settled numerous matters ancillary to the divorce, including division of marital property, custody, visitation, and child support.

The Mother first petitioned the Family Court for child support on November 14, 1991. The Mother and the child had remained in Delaware since the parties' separation, and still reside in Sussex County. By that time, however, the Father had moved to Princess Anne, Maryland.

The Father was served by registered mail with a copy of the summons and petition for support on November 18, 1991. The Family Court record reflects that the procedures of Delaware's long arm statute were not followed when the Father was served in November, 1991. 10 Del.C. § 3104. No objection to service was made by the Father at that time.

The Father filed an answer to the 1991 child support petition through his attorney. The parties participated in mediation but did not reach a complete agreement. Following a hearing before a Family Court Master, on January 29, 1992, the Father's support obligation was determined to be $125.00 bi-weekly.

---

1. The form but not the substance of the first certified question has been restated by this Court.

2. For purposes of the certification proceeding, Lynn W. Taylor was designated as the appellant, and Anna W. Taylor and the Division of Child Support Enforcement were designated as the appellees in this Court. We note that the parties have made factual assertions in addition to those included in the Certificate. The certification process requires that the "facts material to the issue" not be in dispute. Supr.Ct.R. 41(b). We have no basis for independently verifying the accuracy of the additional factual representations. Therefore, we make no reference to factual assertions other than those included in the Certificate. See also Farahpour v. DCX, Inc., Del.Supr., 635 A.2d 894, 897 (1994).

As part of the 1991–92 child support proceedings, both parties were asked to *read and sign* the Family Court's Rules of Support. Those Rules of Support include the following statements:

> The [Family] Court has acquired continuing jurisdiction over you for the life of the support order for the purpose of enforcement and modification of the Order.... Notification for any subsequent Court appearances under this Order shall be by mail....

In order to ensure the Family Court's ability to reach each of the parties by mail, its Rules of Support also set forth the *duty* of the parties to inform the court of "any change of address within five (5) working days of any such change." After a support order has been entered, if an obligor does not notify the Family Court within 5 working days after a change of residential address, the Family Court may hold the obligor in contempt and attach the obligor's wages. 13 *Del.C.* § 513(a)(12).

On September 23, 1994, the Mother filed a Petition for Modification of the Father's child support obligation. Notice of the Mother's petition was served on the Father by regular mail. On October 18, 1994, the Father's Delaware attorney filed another entry of appearance.

On November 29, 1994, the Father's attorney filed a Motion to Dismiss the modification petition based on a lack of personal jurisdiction. The Mother's attorney filed a response to the Motion to Dismiss. A hearing on the Motion to Dismiss was held before a Master of the Family Court on December 13, 1994.

The Master determined that due process does not require the use of the procedures in the long arm statute when modifying or enforcing an existing support order, because the Family Court has continuing jurisdiction over its own support orders. The Master determined that this continuing jurisdiction allowed service by regular mail. Thus, the Master concluded that the Family Court had properly acquired personal jurisdiction over the Father, and denied the Motion to Dismiss.

On January 6, 1995, the Father filed a Petition for Review de Novo of the Master's decision. 10 *Del.C.* § 913(d)(1). The parties filed briefs in the Family Court on the issue of whether it had properly acquired personal jurisdiction over the Father. The Family Court then certified the two questions of law which are now before this Court.

### Child Support
### Continuing Jurisdiction
### Long Arm Statute Inapposite

The first certified question to this Court relates to whether the Family Court has been properly interpreting the "continuing jurisdiction" provisions of 13 *Del.C.* § 513 to allow notice of a petition for modification of a child support order to be served on a non-resident obligor by a means other than the Delaware long arm statute. 10 *Del.C.* § 3104. The Delaware long arm statute sets forth the circumstances under which a Delaware court may exercise *in personam* jurisdiction over a non-resident party. *See* 10 *Del.C.* § 3104. Under the long arm statute, service of process on a non-resident is accomplished by service upon the Secretary of State. *See* 10 *Del.C.* § 3104(d). Then, within 7 days following return of service or filing of proof of nonreceipt of notice, a plaintiff must send the non-resident a copy of the process and complaint by registered mail. *Id.*

The statute governing enforcement and modification of child support orders does not include or incorporate by reference the procedures of the long arm statute for effectuating service on non-resident parties. *See* 13 *Del.C.* § 501 *et seq.* Rather, section 513(d)(1) of Title 13 provides:

> The [Family] Court shall have continuing jurisdiction to modify prospectively an order of child support entered by the Court including orders issued prior to March 31, 1987, so long as the obligated parent has a duty of support under this chapter, Chapter 6 or Chapter 15 of this title and at least 1 of the parents or the child whose support is at issue resides in the State.

13 *Del.C.* § 513(d)(1).[3]

The Father argues that § 513(d)(1) only gives the Family Court subject matter jurisdiction over subsequent modifications of a child support order entered by the Family Court. The Father submits that § 513(d)(1) does not alleviate the Family Court's obligation to satisfy the due process "minimum contacts" test in order to exercise *in personam* jurisdiction over a non-resident obligor. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Therefore, the Father contends, the Family Court was required to utilize the procedures set forth in the Delaware long arm statute in order to properly exercise *in personam* jurisdiction over him with respect to the Mother's petition for modification of a child support order. *See* 10 *Del.C.* § 3104.

■ The proper construction of the continuing jurisdiction provisions of 13 *Del.C.* § 513 presents this Court with a question of first impression.[4] The highest court in every other state that has considered the issue, however, has held that a trial court has continuing jurisdiction to enforce or modify its own child support order against a non-resident obligor.[5] Similarly, those highest state courts have concluded that due process does not require compliance with the provisions of a long arm statute in such circumstances. We agree.

■ The purpose of the long arm statute is to *obtain* jurisdiction over a non-resident party. However, with regard to petitions to enforce or modify its orders of child support, the Family Court does not need to acquire jurisdiction through the long arm statute. The United States Supreme Court has held "that if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause." *Michigan Trust Co. v. Ferry*, 228 U.S. 346, 353, 33 S.Ct. 550, 552, 57 L.Ed. 867 (1913).[6]

■ The filing of a petition for a modification of child support in the court which entered the order is not the institution of an independent proceeding or the commencement of a new action. It is ancillary or

3. Section 513(e) of Title 13 addresses the continuing jurisdiction of the Family Court to enforce existing support orders:
   The Court shall have continuing jurisdiction to enforce an order of child support entered by the Court, including orders issued prior to March 31, 1987, so long as the obligated parent has a duty to support the child or children under this chapter, Chapter 6 or Chapter 15 of this title or there are arrearages or past due amounts due and owing on such an order.... 13 *Del.C.* § 513(e).

4. *Cf. Massey v. Ball*, Del.Supr., 595 A.2d 390 (1991) (Delaware resident obligor consented to jurisdiction of Wisconsin court that entered order relating to divorce and ancillary matters, and court's subsequent order modifying child support was enforceable against obligor because of his prior consent to Wisconsin jurisdiction).

5. *See, e.g., Bailey v. Bailey*, Okla.Supr., 867 P.2d 1267 (1994); *State ex rel. Gurnon v. Harrison*, 245 Neb. 295, 512 N.W.2d 386 (1994); *Fuson v. Schaible*, N.D.Supr., 494 N.W.2d 593 (1992); *Grimes v. Grimes*, 159 Vt. 399, 621 A.2d 211 (1992); *McAleavy v. McAleavy*, 150 Wis.2d 26, 440 N.W.2d 566 (1989); *Nicholaus v. Nicholaus*, Wyo.Supr., 756 P.2d 1338 (1988); *Birchfield v. Birchfield*, S.D.Supr., 417 N.W.2d 891 (1988); *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 273 S.E.2d 370 (1980); *Bjordahl v. Bjordahl*, Minn.

Supr., 308 N.W.2d 817 (1981); *Featherstone v. Brooks*, 220 Va. 443, 258 S.E.2d 513 (1979); *Glading v. Furman*, 282 Md. 200, 383 A.2d 398 (1978); *Campbell v. Campbell*, Miss.Supr., 357 So.2d 129 (1978); *Van Divort v. Van Divort*, 165 Ohio St. 141, 134 N.E.2d 715 (1956).

6. Section 26 of the Restatement (Second) of Conflict of Laws states, "If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original claim. Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 26 (1988).

   The comment to Section 26 states:
   The continuance of a state's judicial jurisdiction, once such jurisdiction has been obtained, is not dependent upon the constant existence of some jurisdictional basis. Such a basis must exist at the initiation of the proceeding; it need not continuously do so thereafter.... [T]he jurisdiction of a court once established, continues over that party when the claim involved arose out of the transaction that is the subject of the pending action or is one that may in fairness be determined concurrently with that action. *Id.*

incidental to the original action.[7] The continuing jurisdiction of the Family Court cannot be defeated by a party's moving from the state.[8] Once the Family Court obtains jurisdiction over the parties to a child support proceeding, that jurisdiction continues throughout all subsequent proceedings which arise out of the original action.[9] *Id. See also* 13 *Del.C.* § 614.[10]

■ We hold that the Family Court has continuing subject matter and *in personam* jurisdiction over non-resident child support obligors with regard to petitions to modify its own orders. *Michigan Trust Co. v. Ferry,* 228 U.S. 346, 353, 33 S.Ct. 550, 552, 57 L.Ed. 867 (1913). *See* 13 *Del.C.* § 513(d)(1) and (e). The Family Court's continuing jurisdiction over its own child support orders obviates the need to comply with the requirements of the long arm statute in a subsequent modification proceeding. Accordingly, we answer the first question in the affirmative.

### Due Process
### Child Support Modifications
### Reasonable Notice Required

■ We have determined that the procedures for effectuating service of process over non-resident obligors under the long arm statute are not applicable to petitions to modify the Family Court's own orders. Nevertheless, due process requires that notice to a non-resident obligor of any modification peti-

tion must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." [11] *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Consequently, we now address the issue presented by the second certified question: what manner of service constitutes reasonable notice of a modification petition—notice sent by certified or registered mail, or by regular mail?

### Child Support
### Prospective Modification
### Regular Mail Reasonable

Section 513 of Title 13 contains two separate provisions relating to notice of modification petitions. *See* 13 *Del.C.* § 513(d)(2) and (f). Section 513(f) contains a general definition of notice:

> "Notice" for purposes of enforcing or modifying an order of child support shall mean mailed notice to the last known address provided to the [Family] Court by the parties....

13 *Del.C.* § 513(f). In Section 513(f), the general term "mailed notice" includes notice by either regular, certified or registered mail. Section 513(d)(2) relates specifically to retroactive modifications of child support and provides:

7. *See, e.g., State ex rel. Gurnon v. Harrison,* 245 Neb. 295, 512 N.W.2d 386, 388–89 (1994); *Fuson v. Schaible,* N.D.Supr., 494 N.W.2d 593, 596 (1992); *McAleavy v. McAleavy,* 150 Wis.2d 26, 440 N.W.2d 566, 570 (1989); *Bjordahl v. Bjordahl,* Minn.Supr., 308 N.W.2d 817, 818 (1981); *State ex rel. Ravitz v. Fox,* 166 W.Va. 194, 273 S.E.2d 370, 372 (1980); *Glading v. Furman,* 282 Md. 200, 383 A.2d 398, 401 (1978); *Van Divort v. Van Divort,* 165 Ohio St. 141, 134 N.E.2d 715, 718 (1956).

8. *See, e.g., State ex rel. Gurnon v. Harrison,* 245 Neb. 295, 512 N.W.2d 386, 388 (1994); *State ex rel. Ravitz v. Fox,* 166 W.Va. 194, 273 S.E.2d 370, 373 (1980); *Glading v. Furman,* 282 Md. 200, 383 A.2d 398, 401 (1978); *Campbell v. Campbell,* Miss.Supr., 357 So.2d 129, 132 (1978); *Van Divort v. Van Divort,* 165 Ohio St. 141, 134 N.E.2d 715, 718 (1956).

9. *See, e.g., McAleavy v. McAleavy,* 150 Wis.2d 26, 440 N.W.2d 566, 569–70 (1989); *State ex rel. Ravitz v. Fox,* 166 W.Va. 194, 273 S.E.2d 370,

373 (1980); *Glading v. Furman,* 282 Md. 200, 383 A.2d 398, 401 (1978); *Van Divort v. Van Divort,* 165 Ohio St. 141, 134 N.E.2d 715, 717 (1956).

10. Although it was not in effect when this action was commenced, Delaware has enacted the Uniform Interstate Family Support Act ("UIFSA"). It became effective July 1, 1995 and has supplanted URESA as Chapter 6 of Title 13.

11. Under the due process provisions of the United States and Delaware Constitutions, before a party can be deprived of life, liberty, or property, there is a right to notice and a hearing in a meaningful time and a meaningful manner. *See Formosa Plastics Corp. v. Wilson,* Del.Supr., 504 A.2d 1083, 1089 (1986). *See also* Del. Const. art. 1, § 7; U.S. Const. amends. V and XIV; *Opinion of the Justices,* Del.Supr., 246 A.2d 90 (1968).

An order of child support entered by [the Family] Court or a court of competent jurisdiction in this or any other state, including orders entered prior to March 31, 1987, shall not be retroactively modified except with respect to any period during which there is pending petition for prospective modification but only from the date that notice of such petition has been given to the respondent directly or through the respondent's agent. *In addition to any other manner or type, "notice" for the purposes of this paragraph shall include but not be limited to* mailing by the petitioner of a copy of the modification petition by *certified or registered mail, return receipt requested,* to the last known address of the respondent. Said notice shall be effective on the date of delivery or first attempted delivery whichever first occurs.

13 *Del.C.* § 513(d)(2) (emphasis added).

■ A party who is subject to an order of child support must notify the Family Court within five days of any change of address. *See* 13 *Del.C.* § 513(a)(12).[12] We have concluded that notice of a modification petition, sent by *regular* mail to a non-resident obligor's last known address, is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Therefore, we hold that such notice is reasonable *per se* for due process purposes.

■ Even though sending notice by regular mail satisfies the requirements of due process, Delaware has provided by statute that a petitioner may receive retroactive modification of a child support order only if notice of the modification petition has been sent to the respondent obligor by certified or registered mail. 13 *Del.C.* § 513(d)(2). *Kenton v. Kenton*, Del.Supr., 571 A.2d 778, 781 (1990). If notice is served by registered or certified mail, any modification will be effective from the date such notice was given. *Id.*

If notice is not sent by certified or registered mail, any modification of the support obligation is effective from the date of the Family Court order granting such modification. *Id. See also Schneider v. Klevan*, Del.Fam., 606 A.2d 1339, 1343 (1991).

### Conclusion

The first certified question is answered in the affirmative. The answer to the second certified question is that service by regular mail is reasonable notice for prospective modifications but that notice by certified or registered mail is required by statute for retroactive modification of child support orders. 13 *Del.C.* § 513(d)(2).

---

· **12.** In this case, the father-obligor acknowledged this duty, and was informed of the Family

Court's continuing jurisdiction, upon reviewing and signing the Family Court's Rules of Support.