IN RE the MARRIAGE OF:

Jose Luis MENDEZ, Petitioner-Appellant,†

v.

Irma HERNANDEZ-MENDEZ, Respondent-Respondent.

Court of Appeals

*No. 96–1731. Submitted on briefs June 20, 1997.—Decided August 27, 1997.*

(Also reported in 570 N.W.2d 563.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Peter L. Ramirez* of *Brennan, Ramirez, Wilmouth & Sesini* of Milwaukee.

On behalf of the respondent-respondent, no brief was filed.

Before Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. The issue on appeal is whether the circuit court had personal jurisdiction over Irma Hernandez-Mendez such that the court could litigate Jose Mendez's petition for a divorce. We affirm the court's ruling that Irma did not have sufficient minimum contacts with Wisconsin to vest the court with jurisdiction.

## FACTS AND PROCEDURAL HISTORY

Jose and Irma were married in Mexico in March 1991.[1] Two children were born to the marriage. In April 1992, Jose separated from Irma and he eventually took up residence in Waukesha County, Wisconsin.

On February 22, 1996, Jose commenced this action, seeking a divorce, joint legal custody of the children, periods of physical placement of the children, property division and other relief. After protracted efforts, Jose succeeded in personally serving Irma in

---

[1] In response to Jose's petition, Irma wrote a letter to the circuit court stating, inter alia, that the parties were married in 1988.

Mexico. Irma responded with a letter to the circuit court in which she substantively addressed Jose's petition, objected to Jose's request for a divorce, and further objected to the court's jurisdiction, contending that the Mexican courts were the proper forum. Other than this letter, Irma did not otherwise appear or participate in the circuit court proceedings.

The matter came on for a default hearing on April 26, 1996. In light of the objections stated in Irma's letter, Jose orally amended his petition to request only a divorce. However, the court denied Jose a divorce on a variety of grounds. One we deem dispositive. The court ruled that it did not have personal jurisdiction over Irma pursuant to the provisions of ch. 801, STATS.[2] Based on these rulings, the court denied Jose's request for a divorce and dismissed the petition. Jose appeals. As in the trial court, Irma has not participated in this appeal. Thus, we do not have a respondent's brief.

## DISCUSSION

The issues on review involve statutory construction relating to personal jurisdiction in marital actions. Those issues present questions of law and are subject to independent review by this court without deference to the reasoning of the circuit court. *See In re Marriage*

---

[2] The other grounds relied on by the trial court were: (1) the court did not have jurisdiction pursuant to the Uniform Interstate Family Support Act, ch. 769, STATS.; (2) the court did not have jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, ch. 822, STATS.; and (3) the court had the inherent and statutory authority to require that all legal issues, not just the divorce, pertaining to the parties' marriage be addressed in a single proceeding. We need not address these issues since the jurisdictional issue under ch. 801, STATS., is dispositive. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

*of McAleavy v. McAleavy*, 150 Wis. 2d 26, 31, 440 N.W.2d 566, 568 (1989). Nonetheless, we value the decision of the circuit court on such a question. *See Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993). This is so whether we agree or disagree with the court's holding.

On a preliminary basis, we note what is not at issue. Section 767.01, STATS., confers subject matter jurisdiction upon the circuit courts of this state in all actions affecting the family. One of the actions affecting the family is an action for divorce. *See* § 767.02(1)(c), STATS. Thus, the circuit court had subject matter jurisdiction. Likewise, the residency requirements of § 767.05(1m), STATS., are not at issue. Jose has clearly satisfied those requirements.

### 1. Personal Foreign Service on Irma

We begin by addressing the personal foreign service of Irma in Mexico. Although the validity of this service was not the premise of the family court's ruling that it did not have personal jurisdiction over Irma, we nonetheless speak to this matter because it marks the starting point for our ensuing discussion regarding the dispositive issue.

We have not located any Wisconsin case law which has addressed the validity of foreign service upon a foreign citizen in a divorce action commenced in a Wisconsin court. However, in *Vause v. Vause*, 140 Wis. 2d 157, 409 N.W.2d 412 (Ct. App. 1987), this court had occasion to address the issue in a Wisconsin postjudgment proceeding where the underlying action was commenced in Germany with service obtained in Turkey.

The parties in *Vause* were United States citizens and members of the United States Air Force. The hus-

band commenced a divorce action in Germany, provided notice to his wife in Turkey, and eventually obtained the German divorce. *See id.* at 159, 409 N.W.2d at 413. In the husband's postjudgment Wisconsin proceeding to enforce the custody provisions of the German judgment, the wife challenged the judgment, contending that the foreign service on her was invalid. Specifically, the wife complained that the service had not been accomplished in the manner required by the Hague Convention which provides a mechanism for foreign service. *See id.* at 162, 409 N.W.2d at 415. *See also* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638 (hereinafter Hague Convention).

The *Vause* court acknowledged that the foreign service did not comply with the Hague Convention. Nonetheless, the court observed:

> The treaty is not the exclusive vehicle for the service of process. It "merely provides a mechanism by which a plaintiff authorized to serve process under the laws of its country can effect service that will give appropriate notice to the party being served and will not be objectionable to the country in which that party is served." Service according to the convention insures that documents are brought to the notice of the addressee in sufficient time to permit the addressee an opportunity to be heard. It does not follow that other methods of service may not be used. If Sandra was given notice of the proceedings sufficient to satisfy sec. 822.23, Stats., the failure to serve her with process as prescribed by the Hague Convention did not deprive the court of jurisdiction over her.

*Vause,* 140 Wis. 2d at 162–63, 409 N.W.2d at 415 (quoted source omitted) (citations omitted).

After examining the facts, the *Vause* court concluded that the wife had adequate notice of the German proceeding. The court rejected the wife's jurisdictional challenge and upheld the German divorce. *See id.* at 164, 409 N.W.2d at 415.

In *Abu-Dalbouh v. Abu-Dalbouh,* 547 N.W.2d 700 (Minn. Ct. App. 1996), a case more factually akin to this case, the Minnesota Court of Appeals adopted a similar approach.[3] There, the wife commenced a Minnesota divorce action against her Jordanian husband. Her attempts to serve the husband by mail in Jordan failed. The trial court then ordered service by publication in two United States newspapers. The husband learned of the action and filed a motion challenging the court's jurisdiction. The trial court rejected these challenges. The husband appealed. *See id.* at 702–03.

The *Abu-Dalbouh* court looked to its own state law to determine if proper service by publication had been accomplished. The court concluded that it had, despite acknowledging that "service by publication is not a reliable means of notifying interested parties." *Id.* at 703.

Here, the personal foreign service on Irma appears to have complied with the Hague Convention. *See* Hague Convention, ch. I, art. 5. However, although the United States is a signatory to the Hague Convention, we take judicial notice that Mexico is not. *See* International Economic Law (I.E.L.) Doc. VII-A, Hague Convention, Introduction. Therefore, we cannot rely on the Convention for the validity of the service on Irma. Nonetheless, as the *Vause* and *Abu-Dalbouh* cases

---

[3] The court in *Abu-Dalbouh v. Abu-Dalbouh,* 547 N.W.2d 700 (Minn. Ct. App. 1996), however, did not discuss the Hague Convention.

establish, if the manner of service otherwise provides notice in a fair fashion, it will suffice.

Personal service is recognized by Wisconsin law as a proper form of service. *See* § 801.11(1), STATS. Moreover, it is the preferred form of service because it provides the most effective means of giving notice to an interested party. Only thereafter may other forms of service (i.e., substituted service or publication) be utilized. *See* § 801.11(1)(b) & (c). Since personal service was accomplished in this case, we conclude that it was valid.

### 2. Quasi in Rem Jurisdiction to Address the Parties' Marital Status

Having properly served Irma, Jose contends that the circuit court was empowered to litigate his petition for a divorce. Jose bases this argument on the fact that his action was amended to one of quasi in rem pursuant to § 801.07(5), STATS., when he narrowed his claim for relief to only a divorce.

Section 801.07(5), STATS., provides:

> When the action is an action affecting the family under s. 767.02(1)(a) to (d) and when the residence requirements of s. 767.05(1m) have been met, a court having subject matter jurisdiction may exercise jurisdiction quasi in rem to determine questions of status if the respondent has been served under s. 801.11(1).

Because Irma was personally served, Jose argues that he has satisfied § 801.11(1), STATS. However, a closer look at § 801.11(1) reveals that this is not so. The statute does not require only personal service. *It also requires that one of the grounds for the exercise of per-*

*sonal jurisdiction as provided in § 801.05,* STATS., *exists.* The statute provides in relevant part:

A court of this state having jurisdiction of the subject matter *and grounds for personal jurisdiction as provided in s. 801.05* may exercise personal jurisdiction over a defendant by service of a summons as follows:

(1) NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

(a) By personally serving the summons upon the defendant either within or without this state.

Section 801.11 (emphasis added).

Thus, Jose is incorrect in his belief that personal service under § 801.11(1), STATS., is all that was required. He was additionally required to show one of the grounds for the exercise of personal jurisdiction set out in § 801.05, STATS. This statute sets out thirteen possible grounds for the exercise of personal jurisdiction. As related to this case, the only relevant ground was the "Local Presence or Status" provisions of § 801.05(1). This provision states in relevant part:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(1) LOCAL PRESENCE OR STATUS. In any action whether arising within or without this state, against a defendant who when the action is commenced:

(a) Is a natural person present within this state when served; or

(b) Is a natural person domiciled within this state; or

    (c)  Is a domestic corporation or a limited liability company; or
    (d)  Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

Section 801.05.[4]

It is clear that the first three grounds for the exercise of personal jurisdiction under subsec. (1) do not exist. Irma was not present or domiciled in Wisconsin when served, and she obviously is not a corporation or company. Thus, the circuit court's analysis focused on the fourth ground, the "long-arm" provisions of the statute, inquiring whether Irma had sufficient minimum contacts with Wisconsin. This analysis was necessary even though Jose's action was an in rem proceeding. In *Shaffer v. Heitner*, 433 U.S. 186 (1977), the United States Supreme Court extended the minimum contacts requirement previously limited to in personam cases (*see International Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945)), to in rem cases.

██

As the circuit court noted, the record in this case is barren of any contacts, much less sufficient minimum contacts, linking Irma to Wisconsin. All the record

---

[4] We note that § 801.05(11), STATS., recognizes "Certain Marital Actions" as a ground for the exercise of personal jurisdiction. However, this subsection is limited to actions in which a personal claim is asserted against the respondent. *See* § 801.05 (11). As § 801.07(5), STATS., reveals, a request that the circuit court litigate the parties' marital status is an action in rem, not a personal claim. Thus, § 801.05(11) does not apply. Moreover, this subsection still requires that one of the grounds for the exercise of personal jurisdiction under § 801.05(1) requiring "Local Presence or Status" must also exist. As we have demonstrated, none of these grounds existed in this case.

reveals is that the parties were married in Mexico, that Irma was served there, and that she has remained there. Thus, the only contacts established are Mexican, not Wisconsin. In light of this record, the circuit court correctly held that Jose had not established that Irma had sufficient minimum contacts with Wisconsin. Therefore, the court properly dismissed Jose's petition.

We stress that a plaintiff is not required, on a threshold basis, to establish that one of the grounds for the exercise of personal jurisdiction exists. All the plaintiff need do is properly serve the defendant. Thereafter, it is incumbent upon the defendant to register the jurisdictional objection. *See* § 802.06(2)(a)3, STATS. However, once the objection is raised, the burden is then on the plaintiff to establish jurisdiction. *See Lincoln v. Seawright*, 104 Wis. 2d 4, 9, 310 N.W.2d 596, 599 (1981). Here, Irma raised the jurisdictional objection in her letter to the circuit court. Thus, the burden shifted to Jose to demonstrate that a ground for the exercise of personal jurisdiction existed pursuant to § 801.05, STATS. As our analysis reveals, Jose failed to meet this burden.

## CONCLUSION

The circuit court properly ruled that it did not have personal jurisdiction over Irma. We affirm the order dismissing the divorce petition.[5]

---

[5] Although we need not address the additional reasons given by the trial court in support of its ruling (*see supra* note 2), we do express our reservations regarding these rulings. Since Jose's amended petition removed the issues of custody and support from the case, the court's reliance on the jurisdictional requirements of the uniform custody and support acts to dismiss Jose's petition was questionable. In addition, we question whether a family court has the inherent or statutory authority

*By the Court.*—Order affirmed.

to deny a litigant access to the courts when the litigant has satisfied the residency and jurisdictional requirements of the law.